23635. SAYERS et al. v. ROTHBERG et al.

QUILLIAN, Justice. Intervenors in this case appeal from adverse judgments rendered on December 1 and 8, 1965. These judgments appointed a permanent receiver for certain property and adjudicated that attorney's fees and interest were chargeable under a security deed on such property. Chronologically, after the judgment of December 8, 1965, on December 20, 1965, the intervenors, appellants here, filed a petition for removal in the United States District Court, Northern District of Georgia, Atlanta Division. On March 17, 1966, the district court, finding that removal was not authorized, remanded the case to the State court. On March 25, 1966, the appellants then filed their notice of appeal.

Appellees have filed a written motion to dismiss the appeal on the ground that the notice of appeal, having been filed more than 30 days after the judgment complained of and no extension of time under Section 6 of the Appellate Practice Act of 1965, Ga. L. 1965, pp. 18, 21 (*Code Ann.* § 6-804), having been granted, was not timely and hence subject to dismissal. See Ga. L. 1965, § 5, pp. 18, 21 (*Code Ann.* § 6-803), requiring that a notice of appeal be filed within 30 days after entry of the appealable judgment complained of; and Ga.

L. 1965, § 13, pp. 18, 29 (*Code Ann.* § 6-809), as amended Ga. L. 1965, pp. 240, 243, providing that no appeal shall be dismissed except for failure to file the notice of appeal within the time required by the Act. *Held:*

We recognize that under the Federal removal statute proper compliance with the procedural requirements therein "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 USCA § 1446 (e). This has been construed to mean that upon a compliance with the procedural steps of the statute, until and unless the case is remanded, no valid proceedings can be taken in the State court, and any action taken in the State court prior to remanding the cause to the State court will have no force or effect. Hopson v. North American Ins. Co., 71 Idaho 461 (233 P2d 799, 25 ALR2d 1040). The Court of Appeals held in *Allen v. Hatchett,* 91 Ga. App. 571, 576 (86 SE2d 662): "the jurisdiction of the State court was suspended until the case was remanded to it by the Federal court, at which time the State court resumed jurisdiction, and the case stood as it did at the time of removal."

However, the rule is also settled that the Federal court takes the case as it finds it. General Investment Co. v. Lake Shore &c. R. Co., 260 U.S. 261 (43 SC 106, 67 LE 244). See 28 USCA § 1450; 76 CJS 1117, Removal of Causes, § 254; 45 AmJur 955, Removal of Causes, § 212, and cases cited therein. Indeed, the district court in remanding the case to the State court considered the status of the parties in light of the judgments rendered by the State court. The judgments complained of were final and appealable (Ga. L. 1965, p. 18; *Code Ann.* § 6-701), and as to the issues involved thereunder there was nothing pending and no matter concerning which the State court could proceed further. Clearly, the Federal statute does not purport to apply to appeals from final judgments as to particular issues of a case, but only to proceedings still pending. Moreover, Congress has no authority to prescribe the rules under which appeals from the trial courts of this State may be taken to this court or to fix the time in which such appeals may be entered. This is the province of the State legislature. *Small v. Slocumb,* 112 Ga. 279 (3) (37 SE 481; 53 LRA 130, 81 ASR 50). The appeal, having come too late (*Stanford v. Evans, Reed & Williams,* 221 Ga.

331, 145 SE2d 504), must be

*Dismissed. All the Justices concur, except Mobley and Grice, JJ., who dissent.*

ARGUED SEPTEMBER 14, 1966—DECIDED OCTOBER 7, 1966— REHEARING DENIED OCTOBER 20, 1966.

*Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., Hugh M. Dorsey, Jr.,* for appellants.

*Powell, Goldstein, Frazer & Murphy, B. D. Murphy, George G. Finch, T. M. Smith, Sr., Troutman, Sams, Schroeder & Lockerman, Hoke Smith, Smith, Ringel, Martin & Lowe, A. Tate Conyers,* for appellees.

GRICE, Justice, dissenting. I would deny the motion to dismiss the appeal. The taking of the procedural steps for removal of the cause to the Federal court suspended the jurisdiction of the State court until the case was remanded to it by the Federal court. When the case was remanded it stood as it did at the time of removal. See *Allen v. Hatchett,* 91 Ga. App. 571, 575-577 (86 SE2d 662). The judgments appealed from were rendered on December 1 and 8, 1965; the petition for removal to the Federal court was filed on December 20, 1965; the case was remanded to the State court on March 17, 1966; and the notice of appeal was filed on March 25, 1966. Thus, counting only the time the case was within the jurisdiction of the State court, this appeal was filed within the 30 days allowed by Section 5 of the Appellate Practice Act of 1965. Ga. L. 1965, pp. 18, 21 (*Code Ann.* § 6-803). To hold that the appeal is too late is, as I view it, to deny appellants the 30 days in which to appeal, as afforded by that Act.

I am authorized to state that Mr. Justice Mobley concurs in this dissent.