### 66163, 66165. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY v. PERRY (two cases).

SOGNIER, Judge.
Eleanor and Vernon Perry sued Southern Bell Telephone and Telegraph Company (Southern Bell) for personal injuries resulting from an automobile collision allegedly caused by the negligent parking of a Southern Bell vehicle. Southern Bell removed the case to federal district court, which subsequently, on Southern Bell's motion, remanded the action to the superior court. At the pretrial conference in superior court, Southern Bell's motion for entry of an order noting that the case had been automatically dismissed pursuant to the "five-year rule" set forth in OCGA §§ 9-2-60 (Code Ann. § 3-512) and 9-11-41 (e) (Code Ann. § 81A-141) was denied. The case came on for jury trial and a verdict was returned in favor of the

Perrys. Southern Bell appeals.

Appellant contends that the trial court erred in denying its motion for dismissal and in entering a judgment on the verdicts because the case was automatically dismissed under OCGA §§ 9-2-60 (Code Ann. § 3-512) and 9-11-41 (e) (Code Ann. § 81A-141). "The 'five-year rule' [set forth in OCGA §§ 9-2-60 (Code Ann. § 3-512) and 9-11-41 (e) (Code Ann. § 81A-141)] is mandatory and places squarely upon the plaintiff the duty to comply with the law and to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record. [Cits.] Dismissal is automatic on expiration of five years. . . . [Cit.]" *Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 210 (217 SE2d 355) (1975).

The instant action was commenced on July 27, 1971. It was removed to the United States District Court for the Northern District of Georgia on August 26, 1971, and remanded by order of the federal court dated December 20, 1971. The first written order of the superior court taken after commencement of the action was a continuance order entered October 28, 1976. Appellant argues that because a period of five years elapsed between the filing of the action and the taking of the first written order, the case stands automatically dismissed, notwithstanding its removal to federal court.

We have found no Georgia cases addressing the application of the "five-year rule" to actions which have been removed to federal court and subsequently remanded. However, the principle we believe applicable to this matter is found in *Allen v. Hatchett,* 91 Ga. App. 571 (1) (86 SE2d 662) (1955): "When an action in a State court is removed to a Federal district court, the jurisdiction of the State court is suspended until the case is remanded to the State court, at which time the case resumes the status it occupied at the time of the removal." While *Allen* dealt with the question of default by failure to timely file defensive pleadings, we see no reason why its underlying premise should not apply in the instant case. See also *Reeve Bros. v. Allen,* 67 Ga. App. 514, 516 (21 SE2d 244) (1942); *Mutual Benefit Health &c. Assn. v. White,* 48 Ga. App. 146, 148 (172 SE 92) (1933); *Queen Ins. Co. v. Peters,* 10 Ga. App. 289, 291 (1) (73 SE 536) (1911). The instant case was removed to federal court when one month of the five-year period had elapsed. When remanded, "the case stood as it did at the time of removal," *Allen,* supra at 577, with four years and eleven months remaining before the "five-year rule" could be imposed. See *Cotton v. Federal Land Bank,* 246 Ga. 188, 191 (269 SE2d 422) (1980); *Allen,* supra at 577. See also Leslie v. Floyd Gas Co., 11 FSupp. 401, 402 (E.D.Ky. 1935); Dauenhauer v. Superior Court,

307 P2d 724, 726 (1) (Cal. 1957); Christin v. Superior Court, 71 P2d 205, 207 (3) (Cal. 1937).

Although *Sayers v. Rothberg,* 222 Ga. 626 (151 SE2d 445) (1966), also involved removal of an action to federal court, that case, which held that the removal did not stay or suspend the running of the mandatory 30-day period for filing a notice of appeal, has no application here. In *Sayers,* removal occurred *after* final judgment was entered in the state court; removal in the instant case occurred *prior* to trial and entry of final judgment.

Because the statutory five-year period did not run during the time the instant case was in federal court, the trial court's continuance order of October 28, 1976 was entered in sufficient time to avoid automatic dismissal under OCGA §§ 9-2-60 (Code Ann. § 3-512) and 9-11-41 (e) (Code Ann. § 81A-141). The trial court did not err in denying appellant's motion to dismiss the case.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 21, 1983 —
REHEARINGS DENIED OCTOBER 13, 1983 —

*J. Clinton Sumner, Jr., Carroll G. Jester, Jr.,* for appellant.
*William A. Neel, Jr., J. M. Neel, Jr.,* for appellees.