45274. ADAMS et al. v. COBB COUNTY.
(370 SE2d 748(1))

BELL, Justice.

We granted certiorari in this case to consider the holding of our Court of Appeals that the applicants-condemnees could not avail themselves of the renewal provision of former OCGA § 9-2-61 (a), Ga. Laws 1967, pp. 226, 244, § 39.[1] *Adams v. Cobb County,* 184 Ga. App. 879 (363 SE2d 260) (1987). Having reviewed this issue, we conclude that the court of appeals' decision is correct. Accordingly, we affirm the judgment.

*Judgment affirmed. All the Justices concur, except, Smith and Weltner, JJ., who dissent.*

WELTNER, Justice, dissenting.

For every practical purpose and for every substantive issue, a condemnee who appeals a determination of value to a jury under OCGA § 32-3-14 is a *plaintiff.*

The renewal statute, OCGA § 9-2-61 (a), is remedial in nature and should be construed broadly. Its provisions should extend to these appellants as *de facto* plaintiffs. See OCGA § 1-3-5; *Bryan v. Bryan,* 242 Ga. 826, 828-9 (251 SE2d 566) (1979).

I am authorized to state that Justice Smith joins in this dissent.

---

[1] OCGA § 9-2-61 (a) formerly provided the law applicable to the renewal of actions dismissed because no written order had been entered in the actions for five years. Subsection (c) of OCGA § 9-2-60, as amended in 1984, Ga. L. 1984, pp. 597-599, now provides the law applicable to the renewal of such actions. OCGA § 9-2-61 (a) still provides the law applicable to the renewal of actions dismissed for other reasons.

DECIDED JUNE 30, 1988.

*Crim & Bassler, Harry W. Bassler,* for appellants.
*Awtry & Parker, Dana L. Jackel,* for appellee.