S03G1231. BROWN v. KROGER COMPANY et al.
(597 SE2d 382)

HINES, Justice.

The issue in this appeal is whether the trial court properly found that plaintiff Brown was not entitled to renew her action pursuant to

OCGA § 9-2-60[1] because the action was automatically dismissed by operation of law under OCGA § 9-11-41 (e)[2] more than six months before her renewal action was filed. We conclude that the renewal was not authorized, and consequently, affirm the trial court's grant of summary judgment to the defendants.[3]

On August 11, 1995, Manard Brown filed suit in the State Court of Fulton County against The Kroger Company for her alleged injuries arising out of a 1993 armed robbery on Kroger's premises. Five years later, the case was automatically dismissed for want of prosecution under OCGA § 9-11-41 (e). On July 20, 2001, the state court entered an order confirming the dismissal for want of prosecution. Approximately two months later, on September 17, 2001, Brown refiled the action as a renewal of the original suit.[4] On November 2, 2001, The Kroger defendants (collectively "Kroger") moved for summary judgment, arguing that the case had been automatically dismissed on August 11, 2000, and therefore, that the deadline for renewal had expired six months thereafter on February 11, 2001. The state court granted the motion for summary judgment in the renewed action on February 5, 2002.

Brown contends that interpreting the automatic dismissal and renewal provisions of OCGA § 9-2-60 (b) & (c) and OCGA § 9-11-41 (e) so that the six-month period for renewal commenced on the date of the

---

[1] OCGA § 9-2-60 provides:

(a) For the purposes of this Code section, an order of continuance will be deemed an order and the word "proceedings" shall be held to include, but shall not be limited to, an appeal from an award of assessors or a special master in a condemnation proceeding.

(b) Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff.

(c) When an action is dismissed under this Code section, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

[2] OCGA § 9-11-41 (e) provides:

Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

[3] This appeal was originally filed in the Court of Appeals, and the Court of Appeals transferred it to this Court. This Court returned the case to the Court of Appeals, and the Court of Appeals dismissed the appeal because it concluded under the circumstances of the transfer that a constitutional question was not properly raised. This Court granted certiorari to the Court of Appeals from the dismissal.

[4] In the renewed action, The Kroger Company of Michigan was also named as a party defendant.

automatic dismissal rather than on the date of the court order which memorialized the dismissal, unconstitutionally deprived her of her rights to notice, due process, and equal protection under the State and Federal Constitutions.

First, it should be noted that in refiling her suit Brown did not invoke the provisions of OCGA § 9-2-60; rather, the renewal action expressly stated that the "Complaint constitutes a renewal of the case after dismissal, pursuant to and as authorized by [OCGA] § 9-2-61[5] and [OCGA] § 9-11-41 (e)."[6] However, even assuming that Brown may validly raise complaints about the effect on her suit of the interplay of OCGA § 9-2-60 (b) & (c) and OCGA § 9-11-41 (e), she cannot prevail on her claim of constitutional deprivation.

Brown complains of lack of notice and due process because of the automatic dismissal provisions. But notice is a rudimentary element of due process. *Campbell v. Fulton County Bd. &c. Elections*, 249 Ga. 845, 848 (1) (295 SE2d 80) (1982). And this Court has plainly determined that the automatic dismissal provision of OCGA § 9-2-60 does not violate due process.[7] *Georgia Dept. of Medical Assistance v. Columbia Convalescent Center*, 265 Ga. 638, 639 (1) (458 SE2d 635) (1995). Brown's due process complaint regarding OCGA § 9-11-41 (e) must fail as well inasmuch as OCGA § 9-11-41 (e) has been determined to be the substantial equivalent of OCGA § 9-2-60 (b). *Prosser v. Grant*, 224 Ga. App. 6 (2) (479 SE2d 775) (1996); *Loftin v. Prudential Property &c. Ins. Co.*, 193 Ga. App. 514 (388 SE2d 525) (1989).

---

[5] OCGA § 9-2-61 provides:

(a) When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

(b) This Code section shall not apply to contracts for the sale of goods covered by Article 2 of Title 11.

(c) The provisions of subsection (a) of this Code section granting a privilege of renewal shall apply if an action is discontinued or dismissed without prejudice for lack of subject matter jurisdiction in either a court of this state or a federal court in this state.

[6] The applicability of OCGA § 9-2-61 is not at issue in this appeal.

[7] The federal cases cited by Brown, including *Tulsa Professional Collection Svcs. v. Pope*, 485 U. S. 478 (108 SC 1340, 99 LE2d 565) (1988); *Mennonite Bd. of Missions v. Adams*, 462 U. S. 791 (103 SC 2706, 77 LE2d 180) (1983), and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306 (70 SC 652, 94 LE 865) (1950), do not require a different conclusion.

As this Court has stated,

> [T]he automatic dismissal statute is a reasonable procedural rule. It is reasonable, in part, because it "furthers the dual purpose of . . . prevent[ing] 'court records from becoming cluttered by unresolved and inactive litigation and [of] protect[ing] litigants from dilatory counsel.' " The statute also affords litigants, who have constructive knowledge of its provisions, " 'an opportunity . . . at a meaningful time and in a meaningful manner' " to litigate their claims. To this end the statute grants a litigant five years to produce only the most minimal of activity to avoid dismissal and thereby to obtain a hearing on her claims. Moreover, in the event of dismissal, it permits the litigant to obtain a hearing on her claims by giving her the right to renew the action within six months of dismissal. Further, the rule is not made unreasonable because it might lead to the dismissal of some cases that are not truly inactive. In this same vein, a statute of limitation that is rationally related to the goal of eliminating stale claims would not be unreasonable or unconstitutional because on occasion it might eliminate a claim that is not in fact stale.

(Footnotes omitted.) *Georgia Dept. of Medical Assistance v. Columbia Convalescent Center,* supra at 640 (1).

Nor is there any difficulty in interpreting the renewal provisions of OCGA §§ 9-11-41 (e) and 9-2-60 (c) to begin the six-month window for a renewed action on the date of the automatic dismissal. Indeed, to accept Brown's proposal that the trigger be the entry of a court order in the case flies in the face of the nature and purpose of the dismissal. As explained in *Goodwyn v. Carter,* 252 Ga. App. 114, 115 (555 SE2d 474) (2001),

> The dismissal occurs as a matter of law automatically without the necessity of entry of an order by the trial judge or any action marking it dismissed by the clerk on the court docket. [Cits.] The action of the clerk of court in marking a case dismissed after the period has run is ministerial only. [Cit.] From the expiration of the five-year period when the case stands dismissed by operation of law until the actual marking of the case as dismissed, the case stands completely lifeless for all purposes from the date of automatic dismissal and not from the date the case is physically stricken from the docket. [Cits.]

In fact, "[a]ny subsequent order after the automatic dismissal of the case is null and void, because the trial court has lost jurisdiction over the case, which no longer is pending before it." Id.

Finally, Brown's attempt at raising an equal protection challenge fails as well. There is no support for her premise that all plaintiffs whose cases are dismissed for want of prosecution are "similarly situated." In fact, *Morgan v. Starks*, 214 Ga. App. 265 (447 SE2d 651) (1994), cited by Brown, involved dismissal of the action by the trial court and the court's failure to notify the parties of the dismissal. Here, the dismissal occurred by operation of law of which Brown had constructive knowledge. *Georgia Dept. of Medical Assistance v. Columbia Convalescent Center*, supra at 640 (1).

The state court did not err in granting judgment to Kroger in the renewed action.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2004 —
RECONSIDERATION DENIED JUNE 28, 2004.

*Joyce W. Bergman*, for appellant.
*Douglas A. Wilde*, for appellees.

---

[8] To the extent that Brown asserts that her renewed suit should be viable because the defendants' actions and those of the state court suggest that they may have been unaware of the mechanics of the automatic dismissal statutes, the assertion is wholly without merit.