A06A1137. NELSON v. HAUGABROOK et al.
(638 SE2d 840)

PHIPPS, Judge.

Plezy Lee Nelson contests the dismissal of his lawsuit, which was filed as a renewal action. Because he has shown no reversible error, we affirm.

In 1998, Nelson sued Nathaniel Haugabrook and Nathaniel Haugabrook II, Esq., (hereinafter "1998 action") alleging breach of fiduciary duties, breach of contract, and fraudulent and negligent misrepresentation. On April 27, 2005, upon the Haugabrooks' request, the trial court entered an order stating that the action stood dismissed pursuant to OCGA §§ 9-2-60 and 9-11-41 (e) because "no written Order has been taken by this Court . . . between October 8, 1999 and November 7, 2004, which is more than five (5) years past."[1] Under each cited Code provision, any action "in which no written order is taken for a period of five years shall automatically stand dismissed."

On August 29, 2005, Nelson filed a renewal action. The Haugabrooks answered, among other things, that the statutes of limitation had run on Nelson's claims. They filed a motion to dismiss the case, arguing that Nelson had failed to timely comply with the applicable renewal provisions of OCGA §§ 9-2-60 (c) and 9-11-41 (e) and citing *Brown v.*

---

[5] (Citations omitted.) *City of Atlanta v. Gower*, 216 Ga. 368, 370 (116 SE2d 738) (1960).
[1] See OCGA §§ 9-2-60 (b); 9-11-41 (e).

*Kroger Co.*[2] OCGA §§ 9-2-60 (c) and 9-11-41 (e) provide that after an action has been dismissed for want of prosecution, "if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action." And in *Brown*, the Supreme Court of Georgia instructed:

> The dismissal [pursuant to OCGA §§ 9-2-60 (b) and 9-11-41 (e)] occurs as a matter of law automatically without the necessity of entry of an order by the trial judge or any action marking it dismissed by the clerk on the court docket. The action of the clerk of court in marking a case dismissed after the period has run is ministerial only. From the expiration of the five-year period when the case stands dismissed by operation of law until the actual marking of the case as dismissed, the case stands completely lifeless for all purposes from the date of automatic dismissal and not from the date the case is physically stricken from the docket.[3]

Relying on these Code provisions and *Brown*, the trial court granted the Haugabrooks' motion to dismiss. It specifically found that, in Nelson's 1998 action, no "order of any kind was entered by the court between October 8, 1999 and October 8, 2004" and that

> [t]he Order of dismissal entered on April 27, 2005 memorialized the dismissal but did not create an additional window of time in which the Plaintiff could renew the action. . . . [T]he case was dismissed by operation of law on October 8, 2004, and the renewal statute[s] began to run on that date. The Plaintiff filed the instant action more than six months after the commencement of the period for renewal; thus, the renewal was not authorized. . . .

1. Nelson takes issue with certain findings set forth in the order dismissing the renewal action. Assuming, without deciding, that Nelson can now raise the arguments he presents,[4] none warrants reversing the dismissal of the renewal action.

(a) Nelson argues that the trial court erred in finding that no "order of any kind was entered by the court between October 8, 1999 and October 8, 2004" in his 1998 action. He asserts that this finding

---

[2] 278 Ga. 65 (597 SE2d 382) (2004).

[3] Id. at 68 (citations omitted).

[4] See Division 2, infra.

overlooks what he claims constituted two "orders" within the meanings of OCGA §§ 9-2-60 and 9-11-41 (e). First, he points to a certificate of immediate appellate review, filed October 18, 1999, which allowed the Haugabrooks to pursue a challenge to the October 8, 1999 denial of their motion for summary judgment. Second, he points to this court's November 29, 1999 denial of the Haugabrooks' application for an interlocutory appeal, filed in the trial court on December 1, 1999.

(i) Assuming, without deciding, that the certificate of immediate appellate review constituted an order for purposes of OCGA §§ 9-2-60 and 9-11-41 (e) that started anew a five-year period, Nelson has cited nothing in the record that constituted an "order" within five years of its filing. With no such order, the 1998 action would then have been automatically dismissed as of October 18, 2004. And Nelson's failure to file the renewal action within six months of that date would have required its dismissal.

(ii) Nelson's argument that this court's denial of the Haugabrooks' application for an interlocutory appeal constitutes an "order" under OCGA §§ 9-2-60 and 9-11-41 (e) is contrary to Georgia law.[5] Thus, the filing of the denial could not break the dormancy period, regardless of when that period began or ended.

(b) Nelson argues that the trial court erred in finding that his 1998 action "was dismissed by operation of law on October 8, 2004." Nelson asserts that the running of the dormancy period was tolled from October 18, 1999 until December 1, 1999, when the certificate of immediate appellate review was filed and when this court's denial of the Haugabrooks' application for interlocutory appeal was filed in the trial court, respectively. He asserts that "[t]ime began to run again on December 1, 1999," the effect of which "move[d] the expiration of the five year statute until December 1, 2004." Nelson claims that another order, filed by the trial court on November 8, 2004, was within the meanings of OCGA §§ 9-2-60 (c) and 9-11-41 (e)[6] and therefore broke the running of the five-year dormancy period. Nelson cites OCGA § 5-6-35 (h), which provides that the "filing of [the] application for appeal shall act as a supersedeas to the extent that a notice of appeal acts as [a] supersedeas." He also cites *Southern Bell Tel. &c. Co. v. Perry*[7] for the proposition that when a state court action is removed to a federal district court, the state court's jurisdiction is suspended until the case is remanded to the state court, during which time the

---

[5] See *Kachwalla v. Byrne*, 198 Ga. App. 454 (402 SE2d 74) (1991) (appellate court order is not signed by trial court and thus is not cognizable as an "order" for purposes of OCGA § 9-2-60 (b)).

[6] For purposes here, we assume, but do not decide, that this order was within the meanings of OCGA §§ 9-2-60 (c) and 9-11-41 (e).

[7] 168 Ga. App. 387 (308 SE2d 848) (1983).

dormancy period is tolled, and after which time the case resumes the status it occupied at the time of removal.

Nelson's reliance is misplaced. OCGA § 5-6-35 (h) applies only to discretionary appeals. OCGA § 5-6-34 (b), applicable to interlocutory appeals, does not provide that the filing of the application for such appeal acts as a supersedeas; it provides that if the appellate court issues an order *granting* an appeal, the applicant may then timely file a notice of appeal and the "*notice of appeal* shall act as a supersedeas as provided in Code Section 5-6-46."[8] Pursuant to OCGA § 5-6-46, a notice of appeal serves as a supersedeas in civil cases upon payment of all costs in the trial court by the appellant, effecting the trial court's loss of jurisdiction as to matters contained within the appeal.[9]

Here, the Haugabrooks' application for interlocutory appeal was denied; no notice of appeal was filed effecting supersedeas; and unlike the circumstance in *Southern Bell Tel. &c. Co.*,[10] the trial court was not deprived of jurisdiction to proceed with the case.[11] Thus, Nelson has failed to show that the dormancy period was tolled by the Haugabrooks' effort to obtain interlocutory appellate review.

2. Moreover, although the findings Nelson contests were set forth in the dismissal order of the renewal action, the record confirms that they originated in and were pertinent to the disposition of Nelson's 1998 action. In that action, the trial court entered an order on April 27, 2005, expressly declaring that the case stood dismissed pursuant to OCGA §§ 9-2-60 and 9-11-41 (e) because "no written Order has been taken by this Court . . . between October 8, 1999 and November 7, 2004." That order was apparently directly appealable.[12] Accordingly,

---

[8] (Emphasis supplied.)

[9] See *Cherry v. Coast House, Ltd.*, 257 Ga. 403, 404 (2) (359 SE2d 904) (1987).

[10] Supra.

[11] See *Cohran v. Carlin*, 160 Ga. App. 762, 763 (288 SE2d 81) (1981), aff'd, 249 Ga. 510 (291 SE2d 538) (1982).

[12] But compare *Henry v. Dept. of Transp.*, 255 Ga. 467, 468 (339 SE2d 715) (1986) (where trial court entered an order declaring that case stood dismissed by operation of law under OCGA § 9-2-60 (b), Court did not dismiss appeal therefrom, but affirmed the trial court's ruling) with *Brown*, supra at 69 ("*any* subsequent order after the automatic dismissal of the case [thus presumably including order declaring dismissal] is *null and void*, because the trial court has lost jurisdiction over the case, which no longer is pending before it") (citation and punctuation omitted; emphasis supplied). Accord *In the Interest of I. S.*, 278 Ga. 859, 860-861 (607 SE2d 546) (2005) (where party to a child deprivation proceeding does not challenge the propriety of a deprivation order in a direct appeal taken pursuant to OCGA § 5-6-34 (a) (1), such party is foreclosed from subsequently challenging the conclusive effect of the order where it is used in "unrelated proceedings, such as a proceeding to terminate parental rights"); *Sharp v. State*, 183 Ga. App. 641, 642 (1) (360 SE2d 50) (1987) (oral order is neither final nor appealable until and unless it is reduced to writing, signed by the judge, and filed with the clerk); *Dept. of Med. Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535, 536 (1) (417 SE2d 195) (1992) (where case is dismissed by operation of law under OCGA § 9-2-60 (b), "any further action in the case *other than dismissal* is a mere nullity") (citations omitted; emphasis supplied); *Stephens v. Stovall & Co.*, 184 Ga. App. 78, 79 (1) (360 SE2d 638) (1987) (trial court has no jurisdiction

to contest in an appeal either the dismissal of his 1998 action under OCGA §§ 9-2-60 and 9-11-41 (e) or the underlying findings, Nelson should have filed a notice of appeal within 30 days of the filing of that order.[13] But he did not. Therefore, although Nelson's failure to timely appeal from that order did not result in res judicata as to the merits of his claims asserted therein against the Haugabrooks,[14] it should bar him from later challenging either the dismissal of his 1998 action or the findings thereunder.[15]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 15, 2006.

*Ralph L. Phillips*, for appellant.
*John C. Cotton*, for appellees.

---

to reinstate case dismissed under OCGA § 9-2-60 (b), and "[a]ny further action *other than dismissal* is a mere nullity") (emphasis supplied).

[13] See *Sharp*, supra at 642 (noting that OCGA § 5-6-38 (a) mandates that a notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of).

[14] *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001).

[15] See footnote 12, supra. Notably, in his complaint filed in the renewal action, Nelson stated that his 1998 action had been dismissed "inasmuch as [there] was no written order of Court in the case between October 8, 1999 and November 7, 2004, as shown by court records." Also, Nelson does not contend that the limitation period applicable to any one of his claims had not expired before he filed the renewal action.