### A09A0703. ROBERTS v. EAYRS.
(678 SE2d 535)

DOYLE, Judge.

Grady Roberts III appeals from the trial court's order dismissing his counterclaim against Ernie Eayrs for want of prosecution. Finding no abuse of discretion, we affirm.

"We review a dismissal based on lack of prosecution under an abuse of discretion standard."[1] Here, the record shows that Eayrs filed a dispossessory action against Roberts in magistrate court on July 1, 1999. Following mediation, the magistrate court entered a consent order on July 20, 1999, giving Roberts an opportunity to remove his possessions from the property and transferring the remaining issues to state court for a jury trial. Roberts contends on appeal that he filed an answer and counterclaim in the state court action on October 5, 1999; he does not, however, provide a citation to the record for this assertion.[2] On February 18, 2008, Eayrs filed a motion to dismiss Roberts's counterclaim for want of prosecution pursuant to OCGA §§ 9-2-60 (b) and 9-11-41 (e), and the trial court granted the motion on March 24, 2008. This appeal followed.

---

[1] *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175 (612 SE2d 35) (2005).

[2] The record does contain a copy of an answer and counterclaim signed on October 5, 1999, but it is not file-stamped and bears the case number from the magistrate court case. Nevertheless, Eayrs does not dispute Roberts's assertion that he filed an answer in the state court case on October 5, 1999.

1. As an initial matter, we note that Roberts refers to numerous exhibits which he purportedly attached to his brief. The exhibits are not attached to his brief, however. In any case, we cannot consider them, because our rules specifically preclude our consideration of "[d]ocuments attached to an appellate brief, which have not been certified by the clerk of the trial court as a part of the appellate record and forwarded to this Court."[3]

2. Roberts alleges that the trial court erred in granting Eayrs's motion to dismiss his counterclaim for want of prosecution. We find no basis for reversal.

It is axiomatic that

> under both OCGA § 9-11-41 (e) and OCGA § 9-2-60 (b), any action in which no written order is taken for a period of five years shall automatically stand dismissed. The provisions of these Code sections are mandatory, and dismissal occurs by operation of law. The mandatory duty to obtain and file an order falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal. In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk. No party can waive this requirement.[4]

Here, it is undisputed that there was no written order entered in this case for a period in excess of five years.[5] Roberts contends, however, that because he made "continued efforts . . . via both letter, jury demand, and [a] myriad of telephone calls to the [trial court] attempting to be placed on the trial calendar," the automatic dismissal provision of OCGA § 9-2-60 (b) does not apply, citing *Republic Claims Svc. Co. v. Hoyal.*[6] But Roberts does not demonstrate that evidence of such attempts appears in the record. In any event, his reliance on *Republic Claims Svc.* is entirely misplaced because the case was expressly reversed by the Supreme Court of Georgia in *Republic Claims Svc. Co. v. Hoyal.*[7]

---

[3] Court of Appeals Rule 24 (g); see *Gateway Atlanta Apts. v. Harris*, 290 Ga. App. 772, n. 1 (660 SE2d 750) (2008).

[4] (Punctuation omitted.) *Clark v. Clark*, 293 Ga. App. 309, 311 (667 SE2d 103) (2008).

[5] Roberts contends that an injunction order entered in a separate case in superior court constitutes a written order that would preclude the automatic dismissal in the instant case. He provides no authority for this position, and we find it wholly unpersuasive.

[6] 210 Ga. App. 88 (435 SE2d 612) (1993).

[7] 264 Ga. 127, 128 (441 SE2d 755) (1994) (a party who wishes to avoid mandatory, automatic dismissal under the five-year rule must obtain a written order, "signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk").

Roberts also argues that OCGA §§ 9-2-60 (c) and 9-11-41 (e) violate due process. Pretermitting whether he raised this issue to the trial court or whether the trial court ruled on such an argument, the Supreme Court of Georgia has unequivocally determined that the aforementioned automatic dismissal statutes do not violate due process.[8]

Because there was no written order of any sort entered in this case during a period in excess of five years, the trial court correctly determined that Roberts's counterclaim stood automatically dismissed by operation of law.[9]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 13, 2009.

*Clarence R. Johnson, Jr.*, for appellant.
*Grover C. Bailey*, for appellee.

---

[8] See *Brown v. Kroger Co.*, 278 Ga. 65, 67 (597 SE2d 382) (2004).

[9] See OCGA § 9-11-41 (e) ("[a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed"); *Zepp v. Brannen*, 283 Ga. 395, 398 (658 SE2d 567) (2008); *Republic Claims Svc.*, 264 Ga. at 128; *Ogundele v. Camelot Club Condo. Assn.*, 268 Ga. App. 400, 402 (2) (602 SE2d 138) (2004). .