**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 16, 2013**

# In the Court of Appeals of Georgia

A13A0227. PAUL et al. v. SMITH, GAMBRELL & RUSSELL n/k/a SMITH, GAMBRELL & RUSSELL, LLP.

MILLER, Judge.

This is the third appeal arising out of a legal malpractice action that Appellants G. Douglas Paul, Sharon V. Paul, Catspaw Productions, Inc., Catspaw, Inc., Atlanta Catco, Inc., and Recording Studio, Inc. commenced against Smith, Gambrell & Russell ("Smith Gambrell") in 2002. See *Paul v. Smith, Gambrell & Russell*, 267 Ga. App. 107 (599 SE2d 206) (2004) ("*Paul I*"); *Paul v. Smith, Gambrell & Russell*, 283 Ga. App. 584 (642 SE2d 217) (2007) ("*Paul II*"). In *Paul II*, the parties filed cross-appeals from the trial court's April 11, 2005 order granting in part and denying in part Smith Gambrell's second motion for summary judgment. 283 Ga. App. at 584-585. For the next five years after the April 11, 2005 order, no written order was entered in the trial court. On July 12, 2011, the trial court entered an order memorializing the automatic dismissal of the case pursuant to OCGA §§ 9-2-60 (b) and 9-11-41 (e), concluding that more than five years had elapsed since the last order was entered in the case. On appeal, Appellants argue, among other things, that the five-year period

was tolled during the pendency of the cross-appeals in *Paul II*. Finding this and Appellants' other arguments unavailing, we affirm.

This appeal presents a question of law subject to de novo review. See *Jinks v. Eastman Enterprises, Inc.*, 317 Ga. App. 489, 489-490 (731 SE2d 378) (2012).

As recounted in greater detail in *Paul II*, Appellants' action arises out Smith Gambrell's representation of Appellants prior to and during a lawsuit Ralph Destito, a shareholder of Recording Studio, Inc. ("RSI") and a former employee of Catspaw Productions, Inc. ("CPI"), commenced against Appellants for fraud, breach of fiduciary duty, and related claims (the "Destito action"). 283 Ga. App. at 584-587. The Destito action resulted in a substantial verdict and judgment against Appellants, and the judgment was affirmed on appeal.[1] Id. at 584

In the first of two motions for summary judgment in the present case, Smith Gambrell sought summary judgment on the issue of punitive damages and its liability for failing to call an accounting expert at trial in the Destito action, and the trial court granted its motion on both issues. See *Paul I*, supra, 267 Ga. App. at 107-108. On appeal, this Court affirmed on the issue of punitive damages but reversed as to the claim for failure to call an accounting expert. Id. at 108. Prior to the decision in *Paul I*, Smith Gambrell filed its second motion for summary judgment on the issues of its alleged malpractice in preparing documents to merge RSI into CPI and subsequent Articles of Correction to reverse the merger and its failure to prepare the Pauls to testify at trial in the Destito action. Smith Gambrell's second motion did not address the claim regarding the failure to call an accounting

---

[1] See *Paul v. Destito*, 250 Ga. App. 631 (550 SE2d 739) (2001).

2

expert, as the trial court had granted summary judgment in its favor on that claim.

In its April 11, 2005 order, the trial court granted Smith Gambrell summary judgment on the issue of failing to prepare the Pauls for trial but denied summary judgment on the issue of Smith Gambrell's failure to exercise reasonable care in preparing the merger documents. The parties filed cross-appeals, and this Court affirmed the April 11, 2005 order. *Paul II*, supra, 283 Ga. App. at 585.

No written order was entered in the record following the April 11, 2005 order until an order was entered on December 13, 2010 specially setting the matter for trial. After a jury was empaneled on April 12, 2011, the trial court declared a mistrial, finding that Appellants failed to identify one of its claims and supporting expert opinions during discovery. Smith Gambrell subsequently moved to strike the action from the docket under OCGA §§ 9-2-60 (b) and 9-11-41 (e), and the trial court entered an order memorializing the automatic dismissal of the case.

1. Appellants argue the trial court erred in concluding that its action was dismissed by operation of law because the five-year period under OCGA §§ 9-2-60 (b) and 9-11-41 (e) was tolled during the pendency of the cross-appeals in *Paul II*. We disagree.

"OCGA §§ 9-2-60 (b) and 9-11-41 (e) are the statutory embodiment of the 'five-year rule.' Together, they provide for the automatic dismissal of any action filed in a Georgia court of record when 'no written order is taken for a period of five years[.]'" *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008). The five-year rule is "a reasonable procedural rule" that serves "the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and of protecting litigants from dilatory counsel." (Citation and punctuation omitted.) *Brown v. Kroger Co.*, 278 Ga. 65, 68 (597 SE2d 382) (2004). These Code sections are mandatory, and

dismissal occurs by operation of law. *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994); *Roberts v. Eayrs*, 297 Ga. App. 821, 822 (2) (678 SE2d 535) (2009). We apply a bright-line rule for determining whether an order is sufficient to reset the five-year clock. *Windsor v. City of Atlanta*, 287 Ga. 334, 336 (2) (695 SE2d 576) (2010). "[I]n order to toll the running of the five-year period that results in automatic dismissal for non-action, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) Id.

Here, it is undisputed that more than five years elapsed following the entry of the April 11, 2005 order before another written order was entered in the record. Appellants attempt to avoid the otherwise straightforward application of the five-year rule by arguing that the five-year period was tolled for 22 months while the April 11, 2005 order was on appeal in *Paul II* because a supersedeas was in effect pursuant to OCGA § 5-6-46 (a), depriving the trial court of jurisdiction. We have recognized that the five-year period may be tolled under certain circumstances when a trial court completely loses jurisdiction over a case. See, e.g, *Jinks*, supra, 317 Ga. App. at 491 (bankruptcy stay); *Southern Bell Tel. & Tel. Co. v. Perry*, 168 Ga. App. 387, 388 (308 SE2d 848) (1983) (removal to federal court). It is well-established, however, that "[t]he supersedeas that stems from the filing of [a] . . . notice of appeal is limited in that it supercedes only the judgment appealed; it does not deprive the trial court of jurisdiction as to other matters in the same case not affecting the judgment on appeal." (Citation and punctuation omitted.) *Avren v. Garten*, 289 Ga. 186, 190 (6) (710 SE2d 130) (2011).

Appellants argue that the trial court was divested of all jurisdiction in the case during the

4

*Paul II* cross-appeals because Smith Gambrell's second motion for summary judgment stated that Smith Gambrell was entitled to summary judgment on the "entire case." Once this Court issued its decision in *Paul I* reinstating Appellants' claim regarding the failure to call an accounting expert, however, it was apparent that a portion of Appellants' case would remain pending even if Smith Gambrell prevailed on its second motion for summary judgment. As such, the trial court had jurisdiction to proceed with at least part of the case during the pendency of the cross-appeals, see *Craft's Ocean Court, Inc. v. Coast House, Ltd.*, 255 Ga. 336, 337 (2) (338 SE2d 277) (1986), and we conclude that no tolling of the five-year period occurred.[2]

*Nelson v. Haugebrook*, 282 Ga. App. 399 (638 SE2d 840) (2006), upon which Appellants rely, does not support a contrary result. In *Nelson*, we held that the five-year period was not tolled in between the time a certificate of immediate appellate review of an interlocutory order was filed in the trial court and the appellant's application for interlocutory review was denied. 282 Ga. App.

---

[2] In their reply brief Appellants argue that due to statements in Smith Gambrell's Appellant's Brief in *Paul II*, as to the scope of the merger-related issues on appeal, Appellants reasonably believed the "entire case" was before this Court, and, as a result, the five-year period was tolled, at a minimum, for the eight months between the filing of Smith Gambrell's brief and the remittitur from this Court. Given that the claim regarding the failure to call an accounting expert was indisputably still pending in the trial court, Appellants' alleged belief that the entire case was on appeal was not reasonable. In any event, an alleged mistaken impression as to the issues on appeal would not relieve Appellants of the duty to ensure that a written order signed by the trial judge was entered in the record. See *Willis v. Columbus Medical Center, Inc.*, 306 Ga. App. 331, 333 (702 SE2d 673) (2011) (counsel's mistaken belief that Office of Dispute Resolution filed mediation order with clerk, as was its usual practice, could not prevent dismissal).

at 401-402 (1) (b). Since the application was denied, the appellant in *Nelson*, never filed a notice of appeal effecting a supersedeas, and no loss of jurisdiction occurred. Id. at 402 (1) (b). In *Nelson*, we did not address whether a supersedeas would provide a basis for tolling the five-year period, and indeed, we acknowledged that a supersedeas effects a loss of jurisdiction only "as to matters contained within the appeal." (Footnote omitted.) Id.

2. Relying on *Simmerson v. Blanks*, 183 Ga. App. 863 (360 SE2d 422) (1987), Appellants contend that the Court should reverse the trial court's dismissal order to avoid a "manifest injustice." We disagree. In *Simmerson*, the trial court dismissed an action under the five-year rule, concluding that a prior continuance order that would have prevented dismissal was invalid because it was entered ex parte and without a written motion. Id. This Court disagreed that the continuance order was invalid and applied the rule that a trial judge may not revoke a granted continuance where "manifest injustice would result." (Citation and punctuation omitted.) Id. at 864. The Court concluded that revocation would result in a manifest injustice because revocation occurred three years after the continuance was granted and five years had passed from the last written order prior to the continuance order. Id. No similar circumstances are present here, and the trial court in this case did not enter any order at all for a period in excess of five years after the April 11, 2005 order.

3. Appellants also rely on *Jefferson v. Ross*, 250 Ga. 817 (301 SE2d 268) (1983), to argue that dismissing their case would not serve the purposes of the five-year rule. In *Jefferson*, the Supreme Court of Georgia held that a trial court's authority to enter judgment at any time after a jury verdict is not extinguished by the passage of five years from the date of the verdict, finding that "the reasons behind the Code sections . . . no longer exist once the case has been prosecuted to verdict."

6

Id. at 818. *Jefferson* stands for the proposition that the five-year rule "applies to cases awaiting disposition, not to cases already adjudicated by verdict or judgment." (Citations omitted.) *Lott v. Arrington & Hollowell, P.C.*, 258 Ga. App. 51, 55 (2) (b) (572 SE2d 664) (2002). Appellants' action never proceeded to verdict. Further, the issue here is not the passage of five years following a disposition in the case. Rather, five years passed without a written order before this case was set for trial. Since the case was automatically dismissed as a matter of law, a trial and verdict would have been a "mere nullity." (Citations omitted.) *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001). The holding in *Jefferson* cannot save Appellants' action from automatic dismissal.

4. Finally, Appellants cite to news stories reporting that the trial judge's case manager had engaged in misconduct such as discarding original orders and pleadings and hiding files in a utility closet. They argue that "[w]hile there is no evidence that any files related to this case were discovered [in the closet], a reasonable probability exists that [the] case manager hid or threw away orders in this case." While the accounts that Appellants reference are disturbing, "[t]he mandatory duty . . . falls upon the plaintiff to obtain a written order and have it entered upon the record to prevent an automatic dismissal." (Footnote and punctuation omitted.) *Roberts*, supra, 297 Ga. App. at 822 (2). As it was Appellants' responsibility to obtain and file an order, they cannot avoid dismissal by speculating about unspecified orders that were possibly mishandled by a court employee.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur in judgment only.*

7