# Court of Appeals
# of the State of Georgia

ATLANTA,    August 31, 2016

*The Court of Appeals hereby passes the following order:*

**A17I0003.  THOMAS ALEXANDER BRANDON v. THE STATE.**

Thomas Alexander Brandon, who is facing multiple criminal charges, has filed an application for interlocutory appeal of the trial court's denial of his motion for funds to hire experts and investigators.  Judge Tangela M. Barrie of the DeKalb County Superior Court denied Brandon's motion for funds on July 20, 2016.  Brandon requested a certificate of immediate review on July 28, 2016, but Judge Barrie was not available that day, and a presiding judge granted Brandon's request and issued a certificate of immediate review.  Brandon then filed the instant application. However, Judge Barrie subsequently vacated the certificate of immediate review, finding that the issuance of the certificate was improvident.  The State has filed a motion to dismiss Brandon's application.  We lack jurisdiction.

Because Brandon's criminal case remains pending, the trial court's order denying his motion for funds is interlocutory.  An interlocutory order is not appealable without a certificate of immediate review.  See OCGA § 5-6-34 (b); *Atlanta Hanggliders & Ultralights, Inc. v. Rountree*, 169 Ga. App. 647, 647 (314 SE2d 679) (1984).  Because the trial court here has vacated the certificate of review, the order denying Brandon's motion for funds is not appealable.

The trial court retained jurisdiction to vacate the certificate following Brandon's filing of the application for interlocutory appeal, because the mere filing of such an application does not act as a supersedeas.  See OCGA § 5-6-34 (b); *Nelson v. Haugabrook*, 282 Ga. App. 399, 402 (638 SE2d 840) (2006).  Upon the filing of such an application, the applicant may file a notice of appeal only after this Court issues an order granting an appeal, and the notice of appeal may then act as a

supersedeas to deprive the trial court of jurisdiction. See OCGA § 5-6-34 (b); *Nelson*, supra at 402. In addition, Judge Barrie had the authority to vacate the order of the judge who had presided for her on July 28, 2016. See *Rooney v. State*, 217 Ga. App. 850, 851 (459 SE2d 601) (1995).

Brandon's lack of a certificate of immediate review deprives this Court of jurisdiction to consider this matter. Accordingly, the State's motion to dismiss is hereby GRANTED, and this application is DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,*    08/31/2016
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*