**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**December 10, 2020**

# In the Court of Appeals of Georgia

A20A2079. THOMPSON et al. v. BRANCH BANKING & TRUST
     COMPANY.

RICKMAN, Judge.

In March 2011, Branch Banking & Trust Company (BB&T) filed suit against John and Elizabeth Thompson, alleging that the Thompsons had defaulted on a credit line agreement by failing to make timely payments. In April 2011, the parties reached a consent agreement in the action and the trial court entered a consent order reflecting the terms of that agreement.

No further action of any kind was taken in the case until January 2020, at which time BB&T filed a motion for default of the consent order, asserting nothing more than that the order "was violated."[1] BB&T's motion failed to state or show that

---

[1] BB&T did not file an appellee brief. We, therefore, accept the Thompsons' representation of the facts as being prima facie true. See Court of Appeals Rule 25 (b) (1); *Wildes v. Clark*, 347 Ga. App. 348, 348 n.3 (819 SE2d 511) (2018).

it had provided notice of the breach to the Thompsons in accordance with the terms of the consent order, and otherwise included no documentary or other evidence in support of its allegation of breach or damages owed. The motion did not specify the amount of damages BB&T sought to recover, stating only that it was "entitled to judgment for the amounts sought in the [2011] [c]omplaint." The Thompsons filed a response to the motion in which they raised numerous defenses, including failure to prosecute.

Seven days after the Thompsons filed their response, the trial court, without conducting an evidentiary hearing, signed an order prepared by BB&T that granted BB&T's motion for default. The order directed the Thompsons to pay BB&T $65,160.79 in principal, $710.85 in interest, and all costs of the proceedings. The amount of the principal awarded by the trial court is different from the amount sought in the 2011 complaint and is otherwise unexplained and unsupported by the record.

Regardless, the last written order in this case was issued in April of 2011; consequently, the case stood automatically dismissed as a matter of law five years after that date, or in April 2016. See OCGA § 9-2-60 (b) ("Any action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed."); OCGA § 9-11-41 (e)

("Any action in which no written order is taken for a period of five years shall automatically stand dismissed . . ."). Together, OCGA §§ 9-2-60 (b) and 9-11-41 (e) embody Georgia's "five year rule," which "places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record." (Citation and punctuation omitted.) *Ogundele v. Camelot Club Condominium Assn.*, 268 Ga. App. 400, 401 (2) (602 SE2d 138) (2004); see also *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008). "The provisions of these Code sections are mandatory, and dismissal occurs by operation of law," and "[n]o party can waive this requirement." (Citation and punctuation omitted.) *Roberts v. Eayrs*, 297 Ga. App. 821, 822 (2) (678 SE2d 535) (2009). It follows that the trial court erred by granting BB&T's motion. See id. at 823 (2); *Willis v. Columbus Medical Center*, 306 Ga. App. 331, 333 (702 SE2d 673) (2010) (noting that after an automatic dismissal under OCGA §§ 9-2-60 (b) and 9-11-41 (e), "neither the trial court nor this Court has the discretion to reinstate the case . . ."); see also *Republic Claims Service Co. v. Hoyal*, 264 Ga. 127, 127 (441 SE2d 755) (1994).

*Judgment reversed. Dillard, P. J., and Brown, J., concur.*