23592. SHEFFIELD, executrix, *v.* SHEFFIELD.

MacINTYRE, J. Otto Studor prepared a petition wherein he alleged that A. R. Sheffield was liable to him in damages for personal injuries arising out of an automobile accident. Mrs. Elizabeth Sheffield, as the duly qualified executrix of the estate of Otto Studor, filed a written motion "to be made party plaintiff in this case," alleging that "on May 20th, 1933, . . service of said petition and process was acknowledged and time of filing waived by the defendant;" that on May 21, 1933, Otto Studor died; and that on May 22, 1933, "said original petition, with the entry of service and waiver of time of filing, was filed in the clerk's office of Richmond superior court." A. R. Sheffield demurred to said motion upon the ground that "Otto Studor had no suit pending at the time of his death that could be renewed or continued by his executrix." The court sustained this demurrer and discharged A. R. Sheffield, and to

this judgment Mrs. Elizabeth Sheffield as executrix of the estate of Otto Studor excepted. *Held:*

1. Section 4421 of the Civil Code (1910), which provides that an "action for the recovery of damages for homicide, injury to person, or injury to property" shall not "abate by the death of either party," but shall survive to the representative of the deceased plaintiff, and against the defendant's personal representative, applies to suits *actually pending* at the time of the death of the party. *Frazier* v. *Ga. R. Co.*, 101 *Ga.* 77 (28 S. E. 662); *Peebles* v. *C. & W. C. Ry. Co.*, 7 *Ga. App.* 279 (66 S. E. 953).

2. The *actual date of filing* the petition in the office of the clerk of the court to which it is returnable is the beginning of the suit, provided service is had or waived. *Jordan* v. *Bosworth*, 123 *Ga.* 879 (51 S. E. 755); *McFarland* v. *McFarland*, 151 *Ga.* 9 (2) (105 S. E. 596); *Adams* v. *Farmers & Merchants Bank*, 47 *Ga. App.* 420, 422 (170 S. E. 704).

3. The acknowledgment of service and waiver of process, copy-process and "time of filing" before the petition was filed in the clerk's office does not take the instant case without the rule announced in the preceding paragraph.

4. Since Otto Studor died before his petition was filed in the office of the clerk of the superior court of Richmond county, he had no suit pending in which his executor could be made party plaintiff, and the court properly sustained the demurrer to the motion.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided May 29, 1934.

*Nathan Jolles, Paul T. Chance,* for plaintiff.
*Bussey & Fulcher,* for defendant.