39233.   ALMON v. R. H. MACY & COMPANY, INC.

DECIDED MAY 25, 1962—REHEARING DENIED JUNE 13, 1962.

*Almon, Clein & McGregor, Everett L. Almon, Harvey A. Clein,* for plaintiff in error.
*Schwall & Heuett, Emory A. Schwall,* contra.

FELTON, Chief Judge.   ■   The motion to dismiss the writ of

124

error is denied. Mrs. Almon was not a necessary party to this appeal because she was not interested in an affirmance of the judgment against her and her former husband nor would she have been adversely affected by a reversal of the judgment. *Stewart v. Stewart*, 208 Ga. 83 (65 SE2d 151).

■ The court properly found against the plea in abatement filed by Everett L. Almon, the ground of which was that an identical cause of action was pending at the time the present action was filed. The purported proof supporting the plea was a certificate of the Clerk of Cobb Superior Court which showed that an action was pending in Cobb Superior Court at the time the present action was filed, to which certificate was attached a copy of the petition referred to, which copy did not show that the petition had been served upon the appellant. The certificate of the clerk that the action was pending was a conclusion not provable by his certificate. If the copy of the petition had shown an entry of service by the proper officer prima facie pendency of the action would have been shown. It is too well known to require citation of authority that an action is not pending until service has been perfected.

■ This is an action instituted by R. H. Macy & Company against Everett L. and Jane Almon a/k/a (also known as) Jane Drake to recover judgment jointly and severally on open account against the defendants. An itemized copy of the account was attached to the petition by amendment. The evidence showed that none of the items on the attached account were brought by the defendant Everette L. Almon. Mrs. Almon, or Jane Drake, signed the following application for credit and stipulation: "Account Agreement—Date 11/3/59. This application is made to secure the opening of a joint account or accounts for the use and benefit of both or either my husband or wife, as the case may be, and myself. It is expressly understood that the extension of credit shall create an original obligation, joint and several, against my said husband or wife, as the case may be, and myself. It is further agreed and understood that the carrying of this or any account in either of our names shall be considered a matter of convenience and shall not affect our joint and several liability. I hereby represent that I am over 21

years of age, and for and in consideration of the opening of this account, or accounts, I, we, jointly and severally, agree to pay the full purchase price for any and all items charged to said account by either my said husband or wife, as the case may be, or myself, or any authorized buyers. Flex-A-Pay Account (with option terms)—I have the privilege of a 30-day charge account, with the option of paying the full amount of all merchandise purchased within 30 days of the billing statement; or, at my option, the following terms shall be in effect: I agree to pay 1/6 of the monthly balance. There will be a small service charge on balances carried over 30 days. Regular Account Terms—I have the privilege of a 30-day charge account, in which case I will pay the full amount of all merchandise purchased within 30 days from the date of each billing statement. (s) Mrs. E. L. Almon." The application and agreement was signed only by Mrs. Almon. This instrument was designed and prepared for the signature of the husband and the wife and its intended result was to bind the husband and the wife jointly and severally. In the absence of the husband's signature we think that the legal consequence of the document signed only by the wife is to bind the wife separately and to extend credit solely to her and excludes as a basis of recovery the theory of agency of the wife to purchase necessaries. This agreement does not purport to be a contract by the plaintiff to give credit to the husband for the purchase of necessaries by the wife. The only legal conclusion is that credit was extended solely to the wife in which case the husband is not liable even for the purchase of necessaries. *Alexander v. Duffee-Freeman Furniture Co.*, 52 Ga. App. 244 (183 SE 86).

The parol evidence rule is a matter of substantive law and no amount of oral testimony contradicting the legal consequence of a written instrument can avail to destroy or weaken that legal consequence. *Code* § 38-501; *Cleghorn v. Shields,* 165 Ga. 362 (141 SE 55); *Cooper v. Vaughn,* 81 Ga. App. 330 (58 SE2d 453). Insofar as *Bland v. Davison-Paxon Co.,* 83 Ga. App. 468, 474 (64 SE2d 350) conflicts with the above rule it will not be followed, as we are bound by superior authority.

The court erred in overruling the motion for a new trial on

126

the general grounds which complain of the rendition of a joint judgment against the defendant E'verett Almon. It is not necessary to pass on the special grounds of the amended motion for a new trial or other questions raised.

*Judgments reversed in part; affirmed in part. Bell and Hall, JJ., concur.*