45767. JOHNSON v. McCAULEY.

BELL, Chief Judge. On February 16, 1961, the plaintiff filed an action for damages for personal injuries. On March 10, 1961, the defendant filed an answer, general and special demurrers. On July 17, 1970, the plaintiff filed a motion "to set aside the dismissal entered upon the docket" alleging that in January, 1966, plaintiff, acting by and through her attorney, requested that her case be set down for trial and disposition; that at the February 1966 term of the trial court, and within five years from the filing of the case, the court continued plaintiff's case. Plaintiff's motion to set aside the dismissal was denied. *Held:*

The Act of December 22, 1953 (Ga. L. 1953, Nov. Sess., pp. 342, 343; Ga. L. 1967, pp. 557, 558; *Code Ann.* § 3-512), the law in effect in February, 1966, provided that any suit filed in which no written order is taken for a period of five years shall "automatically stand dismissed" and that "an order of continuance will be deemed an order." The record on appeal does not show that any written order was ever taken in this case from the date of filing until July, 1970. Although plaintiff in his motion alleged that an order of continuance was made within the five-year period there is no record of any written order of continuance. We held in *Bowen v. Morrison,* 103 Ga. App. 632 (120 SE2d 57) that an order of continuance must be reduced to writing and entered in the record in order to avoid the mandatory provisions of the statute. Consequently, as it appears from the record, this case stood dismissed by operation of law on February 15, 1966. It is noted that the plaintiff's attorney filed an affidavit containing evidentiary matter in support of plaintiff's motion to set aside on September 8, 1970. This matter obviously was not considered by the trial court as its order denying the motion to set aside was entered in July 1970. Thus in our consideration we are limited to what appears in the record up until the time the order complained of was denied. Plaintiff's motion to set aside the judgment of dismissal was not predicated upon some nonamendable defect apparent on the face of the record. See Sec. 60 (d) of the Civil Practice Act. *Code Ann.* § 81A-160 (d).

*Judgment affirmed. Quillian and Whitman, JJ., concur.*
SUBMITTED NOVEMBER 9, 1970—DECIDED FEBRUARY 26, 1971.

*Harl C. Duffey, Jr.,* for appellant.