### 45991. TAYLOR v. KOHLMEYER & COMPANY.

JORDAN, Presiding Judge. Kohlmeyer filed a complaint against Taylor in the Civil Court of Fulton County on July 22, 1970. Taylor filed an action against Kohlmeyer based on the same

transaction in federal district court on August 17, 1970, followed by service of same on Kohlmeyer on August 18, 1970. Kohlmeyer's complaint was served on Taylor on September 17, 1970. On October 19, 1970, Taylor filed a motion for abatement of the action in the Civil Court of Fulton County based upon the pendency of the suit in federal district court, together with a motion for enlargement of time to answer or object to interrogatories. Both motions were overruled and certified for immediate review. *Held:*

1. The trial court did not err in refusing to abate the action in the State court.

Under Rule 3 (CPA § 3; *Code Ann.* § 81A-103), which is identical to the federal rule, an action commences upon the filing of the complaint, and this rule is substantially identical with the former rule as stated in *Code* § 81-112. The Georgia courts have repeatedly held that service or waiver is essential, but that when made it relates back to the date of filing, which establishes the date the action is commenced. *Sweat v. Barnhill,* 171 Ga. 294 (6) (155 SE 18); *McFarland v. McFarland,* 151 Ga. 9 (2) (105 SE 596); *Parker v. Kilgo,* 109 Ga. App. 698 (1) (137 SE2d 333); *Sheffield v. Sheffield,* 49 Ga. App. 215 (2) (174 SE 925). The case of *Almon v. R. H. Macy & Co.,* 106 Ga. App. 123 (126 SE2d 641) relied upon by appellant is not applicable here since in that case there was no service of the petition, and hence the pendency did not relate back to the date of filing.

We also note that in determining the priorities between federal actions "[w]here the time of bringing suit is considered determinative, it is the suit in which the complaint is filed first which is considered prior in time and not the one in which service is first obtained." 2 Moore's Federal Practice (2d Ed.), p. 739, par. 3.06[2].

2. The enumeration regarding the refusal of the trial judge to enlarge the time to answer or object to interrogatories is without merit. Under the power of this court, however, to grant supersedeas in such manner as it may determine to meet the ends of justice, the superseding effect of the appeal is enlarged to cover a period of five days following receipt of the remittitur in the lower court to allow the defendant a reasonable time to

answer or object to the interrogatories. See Ga. L. 1965, pp. 18, 23 (*Code Ann.* § 6-1002 (d)).

*Judgment affirmed. Quillian and Evans, JJ., concur.*
SUBMITTED MARCH 2, 1971—DECIDED MARCH 19, 1971.

*A. Arnold Gershon,* for appellant.
*Arnall, Golden & Gregory, Alexander Cocalis,* for appellee.