66480. SCOTT et al. v. DeKALB COUNTY HOSPITAL
AUTHORITY et al.

SHULMAN, Chief Judge.

Appellants' suit was dismissed for failure to take a written order in the case for over five years. OCGA § 9-2-60 (b) (Code Ann. § 3-512). That statute provides for automatic dismissal of "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years ..." They now appeal, contending that publication in the county's legal organ of a court calendar relating to the case constitutes a "written order" within the meaning of OCGA § 9-2-60 (b) (Code Ann. § 3-512).

1. In order to satisfy the statute, an order must be written (*Maroska v. Williams,* 146 Ga. App. 130 (2) (245 SE2d 470)); signed by the trial judge (*Milam v. Mojonnier Bros. Co.,* 135 Ga. App. 208, 211 (217 SE2d 355)); and properly entered in the records of the trial court by filing it with the clerk. Id.

We need not decide whether the publication of the trial calendar in the official county newspaper makes the calendar part of the case record for purposes of OCGA § 9-2-60 (b) (Code Ann. § 3-512) (compare *Swint v. Smith,* 219 Ga. 532 (134 SE2d 595), and *Ga. Power Co. v. Whitmire,* 146 Ga. App. 29 (245 SE2d 324), with *Brown v. C & S Nat. Bank,* 245 Ga. 515, 517 (265 SE2d 791)), since another integral requirement of a "written order" as used in OCGA § 9-2-60 (b) (Code Ann. § 3-512) is missing: there is no signed written order filed with the clerk during the five-year period. Even if we are to assume that the trial calendars published during the five-year period are part of the record and therefore are automatically deemed to have been filed with the clerk, none of them was signed by the trial judge. Inasmuch as the signature of the trial judge is necessary to make a written order (*Milam v. Mojonnier Bros. Co.,* supra), the absence of such from this case for the five-year period from June 17, 1977, through June 16, 1983, mandates automatic dismissal of the case (*Freeman v. Ehlers,* 108 Ga. App. 640 (134 SE2d 530)), and the trial court did not err when it upheld the ministerial action of the clerk. See *Stone v. Green,* 163 Ga. App. 18 (293 SE2d 506).

2. Appellants argue that the avowed purposes of OCGA § 9-2-60 (b) (Code Ann. § 3-512) will not be served by dismissal of this case. However, the statute's provisions are mandatory and dismissal is automatic and by operation of law. *Freeman v. Ehlers,* supra. The statute "places upon a plaintiff who wishes to avoid an automatic dismissal of his case by operation of law a duty to obtain a written order of continuance or other written order at some time during a five year period and to make sure the same is entered in the record.

[Cits.]" *Swint v. Smith,* supra, p. 534. Neither the trial court nor this court has the discretion to reinstate this case. See *Freeman v. Ehlers,* supra.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided September 29, 1983 —
Rehearing denied October 21, 1983 — 

*William B. Gunter, Robert E. Shields, Joseph B. Gellman,* for appellants.

*Robert G. Tanner, Sidney F. Wheeler, Henry D. Green, Jr.,* for appellees.