72968. INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, EMPLOYERS PENSION FUND TRUST v. SAUNDERS.
(355 SE2d 461)

BENHAM, Judge.

Appellant brings this interlocutory appeal from the denial of its motion to dismiss for failure to prosecute pursuant to OCGA § 9-2-60 (b). Appellee filed his complaint on January 7, 1976. On December 10, 1980, an order was signed by the trial judge who originally had this case before him. That judge did not indicate a filing date on the order. Between December 10, 1980 and January 22, 1981, the order

slumbered in either the judge's office or in the clerk's office without a filing date reflected thereon. January 22, 1981, was the filing date put on the order by the clerk's office. The present trial court judge denied appellant's motion to dismiss on two grounds: that the five-year period established by § 9-2-60 (b) did not begin to run until the defendant's amended answer was filed in April 1976, making the single order in the case timely whether it was filed on December 10, 1980 or on January 22, 1981; and that the order was filed with the original trial judge on December 10, 1980.

1. The first issue to be decided is the date on which the five-year period began to run. The trial court held that since no meaningful order could be filed until issue was joined, the time period did not commence until the filing of the defendant's answer. We disagree.

OCGA § 9-2-60 (b) provides that "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed . . ." Although we have found no case in which this precise issue has been addressed, we note that this court, in several cases, has calculated the five-year period from the date the complaint was filed. See *Southern Bell Telephone &c. Co. v. Perry,* 168 Ga. App. 387 (308 SE2d 848) (1983); *Maroska v. Williams,* 146 Ga. App. 130 (245 SE2d 470) (1978); *Johnson v. McCauley,* 123 Ga. App. 393 (181 SE2d 111) (1971); *Dupriest v. Reese,* 104 Ga. App. 805 (123 SE2d 161) (1961). That interpretation of the statute is bolstered by the language of OCGA § 9-11-3: "A civil action is commenced by filing a complaint with the court." We hold, therefore, that the trial court erred in holding that the five-year period of § 9-2-60 (b) did not begin to run until the defendant's answer was filed; it began to run on the date the complaint was filed. Therefore, the trial court's denial of appellant's motion to dismiss cannot be sustained on the first ground asserted by the trial court.

2. Appellant's second enumeration of error asserts that the trial court erred in amending the court records to reflect that an order signed on December 10, 1980, was also filed on that date. We agree.

In considering appellant's motion to dismiss, the trial court reviewed affidavits signed by the original trial judge, by his secretary, by the deputy clerk whose signature appeared on the filing stamp on the order in question, and by the clerk of the court. The original judge and his secretary averred that the order was signed by the judge on December 10, 1980, and that it was the custom and the practice in that office for such orders to be turned over to the secretary to be taken for filing with the office of the clerk. The clerk and deputy clerk swore that it was the practice in the clerk's office to immediately stamp any document with the date on which it was filed. Based on those affidavits, the trial court concluded that the order was filed on

December 10, 1980 by the trial judge permitting it to be filed with him.

OCGA § 9-11-5 (e) defines "filing with the court" as "filing [papers] with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk." The record in this case does not support a finding that the trial court permitted the order "to be filed with him" within the meaning of § 9-11-5: There was no date marked on the order by the judge as is required by the statute, and neither the judge nor his secretary averred that the particular order in question was filed with the judge; they both stated only that the judge signed the order on December 10, 1980, and that it was the practice of that office for the secretary to take such documents to the clerk for filing. "The entry of filing by the clerk is the best evidence of the date of filing and is presumed to be correct until the contrary is shown. [Cit.] This presumption may be rebutted, however, by proof of delivery for filing to the clerk on a different day. 'The actual date of filing is the date upon which the paper is handed to the clerk to be filed.' [Cit.]" *H. R. Lee Investment Corp. v. Groover*, 138 Ga. App. 231 (2) (225 SE2d 742) (1976). The evidence in the record in this case does not show that the order was delivered to the clerk on a date other than January 22, 1981, the date marked on it by the clerk's office. We hold, therefore, that the trial court's finding that the order was filed on December 10, 1980, was erroneous, and that the order was filed on January 22, 1981. It follows that since no order was filed in this case during the five-year period after the complaint was filed on January 7, 1976, that the action was automatically dismissed by operation of OCGA § 9-2-60 (b). Accordingly, the trial court's denial of appellant's motion to dismiss was error.

*Judgment reversed. Deen, P. J., and Beasley, J., concur.*

DECIDED MARCH 10, 1987 —
REHEARING DENIED MARCH 23, 1987 —

*D. Keith Calhoun, James R. Gardner*, for appellant.
*James E. McAleer, Jr.*, for appellee.