S93G1823. REPUBLIC CLAIMS SERVICE COMPANY v. HOYAL.
(441 SE2d 755)

HUNSTEIN, Justice.

We granted certiorari to determine whether the Court of Appeals in *Republic Claims Svc. Co. v. Hoyal*, 210 Ga. App. 88 (435 SE2d 612) (1993), correctly held that a written order within the meaning of the automatic dismissal statute, OCGA § 9-2-60 (b), was issued in this case. We reverse.

On March 6, 1987 Hoyal, pro se, filed a complaint in the Magistrate Court of Fulton County seeking money damages from Republic Claims Service Company, his former employer, for alleged breaches of an employment agreement. The case was transferred on April 6, 1987 to the State Court of Fulton County. On April 14, 1992, following a series of continuances which were handwritten on the docket sheet, but not signed by the actual trial judge, Republic moved to dismiss

---

the action pursuant to OCGA § 9-2-60 (b) because no written order had been taken in the case for a period of more than five years. The trial court denied the motion and the Court of Appeals granted interlocutory review and affirmed, holding that handwritten entries in the docket were sufficient under the rule.

OCGA § 9-2-60 (b) provides for the automatic dismissal of "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years." The provisions of this section are mandatory and dismissal occurs by operation of law. *Swint v. Smith*, 219 Ga. 532 (1) (134 SE2d 595) (1964). OCGA § 9-2-60 (b) places upon the party, who wishes to avoid automatic dismissal, a duty to obtain a *written order of continuance* or other written order within the five-year period. *Swint*, supra at 534. "In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citations and punctuation omitted.) *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309 SE2d 635) (1983). Moreover, once dismissed by operation of law, a trial court is without authority to order the action reinstated. *Dept. of Med. Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535 (1) (417 SE2d 195) (1992).

Because unsigned entries in a docket sheet, like those entered in this case, do not satisfy the requirements of OCGA § 9-2-60 (b), the present suit was automatically dismissed by operation of law when no written order was taken within the statutory period.[1] Consequently, the Court of Appeals erred in affirming the denial of Republic's motion to dismiss.

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 18, 1994.

*George H. Connell, Jr., Troutman Sanders, Daniel S. Reinhardt,* for appellant.

Joe Hoyal, *pro se.*

---

[1] The apparent harshness of this result is ameliorated by subsection (c) of the statute which provides for the timely renewal of actions dismissed under subsection (b).