A04A1223. HOWARD v. ECONOMY LODGING SYSTEMS, INC.
(605 SE2d 118)

ADAMS, Judge.

Plaintiff/appellant G. Robert Howard filed a complaint seeking damages for personal injuries against defendant/appellee Economy Lodging Systems, Inc. d/b/a Knights Inn on August 24, 1994. Economy filed a bankruptcy petition on October 4, 1994, and the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, issued a stay of the proceedings on October 28, 1994. Pursuant to the motion of both parties, the stay was modified on May 13, 1996, "to . . . permit Howard to resume prosecution of his lawsuit in the State Court of Fulton County, Georgia against Economy . . ." but to recover only to the extent of any applicable insurance.

On January 9, 2001, counsel for Economy sent a letter to the trial court stating that the case had been automatically dismissed pursuant to OCGA § 9-2-60 (b) because no written order had been entered in the case since January 6, 1995, when an order granting a leave of absence for Economy's attorney was entered. Several notations were made on the letter, including the notation "Not Dismissed" which was handwritten across the top of the letter. There was no stamp on the letter or anything to indicate it had been filed or entered in the records of the trial court.

On October 6, 2003, Economy Lodging filed a motion to strike the complaint, again arguing that the case stood automatically dismissed because no order had been entered in the case since January 6, 1995. The trial court granted the motion to strike, and this appeal followed.

1. Howard argues that the trial court erred by finding the case dismissed by operation of law because the last order entered in this case was the "Not Dismissed" notation which appears on the top of the letter dated January 9, 2001, and not the 1995 order granting a leave of absence to Economy's counsel. We disagree.

OCGA § 9-2-60 (b) provides for the automatic dismissal of "(a)ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of

five years." The provisions of this section are mandatory and dismissal occurs by operation of law. *Swint v. Smith*, 219 Ga. 532 (1) (134 SE2d 595) (1964). OCGA § 9-2-60 (b) places upon the party, who wishes to avoid automatic dismissal, a duty to obtain a written order of continuance or other written order within the five-year period. *Swint*, supra at 534. "In order to satisfy the statute, an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citations and punctuation omitted.) *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309 SE2d 635) (1983).

(Emphasis omitted.) *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994). See also *Tate v. Dept. of Transp.*, 261 Ga. App. 192 (582 SE2d 162) (2003). Clearly, an unsigned notation handwritten across the top of a letter which was never filed with the clerk of the trial court and never entered in the trial court records does not constitute an order so as to satisfy the statute. "Dismissal cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk." *Prosser v. Grant*, 224 Ga. App. 6 (479 SE2d 775) (1996). See also *Ga. Power Co. v. Whitmire*, 146 Ga. App. 29, 30 (I) (a) (245 SE2d 324) (1978) (notation by trial judge on calendar as to continuance by agreement did not constitute a written order so as to extend five-year period). The trial court did not err in granting the motion to strike on the basis that this case stood automatically dismissed under OCGA § 9-2-60 (b).[1]

2. Howard also argues that the trial court erred in finding the case automatically dismissed because the order of the bankruptcy court lifting the stay incorrectly identified the action as pending in the State Court of Fulton County when in fact it was pending in the Superior Court of Fulton County. Thus, Howard contends, the bankruptcy order modifying the stay was without effect, and the action remains stayed and not subject to dismissal under OCGA § 9-2-60 (b). However, we find that any contention concerning this misnomer has been waived. The order modifying the stay was issued in response to a motion for modification filed jointly by the parties, and it was signed by the local attorneys for both parties. Moreover, all other

---

[1] In light of our holding that the notation on the letter did not constitute an order, we need not address Economy's contention that the trial court incorrectly determined that the five-year period started to run anew on the date the stay was lifted, because Economy is correct that, even if this holding was error, it was harmless. Even using the date the stay was lifted as the starting point, both five years and the date by which the action could have been automatically renewed had passed.

information which served to identify the trial court and the parties was correct, including the Civil Action File Number, names of the parties and nature of the action pending below. Lastly, it was Howard's attorney who notified Economy's attorney that the stay had been lifted, and he attached a copy of the order with his correspondence. Under these circumstances, we find no merit to Howard's contention that the bankruptcy order was without effect to lift the stay in these proceedings.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 24, 2004.

*Todd K. Maziar*, for appellant.

*Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright*, for appellee.