## A09A1672. McCALLISTER et al. v. KNOWLES et al.

(691 SE2d 280)

ADAMS, Judge.

Pursuant to OCGA §§ 9-11-41 (e) and 9-2-60 (b), civil actions in Georgia are dismissed by operation of law when "no written order is taken for a period of five years. . . ." *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008). In this case, the appellants appeal the dismissal of their civil action pursuant to the five-year rule. The appellants contend the trial court erred by counting the five years from the date the complaint was filed instead of the date service of the answer was perfected.

The record shows the following relevant facts. The appellants filed suit on November 17, 2003 in the State Court of Spalding County. The defendants acknowledged service on December 19 and filed their answer on December 23, 2003. Although the parties engaged in some litigation efforts, the trial court did not enter a written order until December 17, 2008.

"In order to toll the running of the five-year period that results in automatic dismissal for non-action, 'an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk.' " (Citations and punctuation omitted.) *Zepp v. Brannen*, 283 Ga. at 396. Thus, the end point for calculating the elapsed time in this case is December 17, 2008. If the beginning point is either the date the complaint was served or the date the answer was filed, the case should not have been dismissed. If the beginning point was the date the complaint was filed, the dismissal was proper. We affirm based on precedent holding that the beginning point is the date the complaint was filed.

In 1987, this court held that time begins to run on the date the complaint is filed regardless of when the answer is filed. *Intl. Longshoremen's Assn. v. Saunders*, 182 Ga. App. 301, 302 (1) (355 SE2d 461) (1987). In that case, the appellant sought review of the denial of its motion to dismiss under the five-year rule. The appellee had filed suit on January 7, 1976, and the court did not file a written order until January 22, 1981, although the judge had in fact signed that order on December 10, 1980. Id. at 301-302. The trial court denied the motion on two grounds: "that the five-year period established by § 9-2-60 (b) did not begin to run until the defendant's amended answer was filed in April 1976, making the single order in the case timely . . . ; and that the order was filed with the original trial judge on December 10, 1980." Id. Thus, this Court first addressed the question of "the date on which the five-year period began to run." Id. at 302 (1). Although service of the complaint was not discussed, this Court rejected the trial court's conclusion that the period began to run when the answer was filed and held that it began

to run on the date the complaint was filed. Id.

Here, the appellants contend that *Saunders* is not controlling because it did not address service of the complaint and because Georgia law provides that a suit is not pending until service has been perfected. See, e.g., *Almon v. R. H. Macy & Co.*, 106 Ga. App. 123, 124 (2) (126 SE2d 641) (1962). Nevertheless, once service has been perfected, a suit's commencement date is regarded as the date the complaint was filed:

> It is true that an action "is not a 'pending suit' between the parties until after service of process." (Punctuation omitted.) [Cit.] However, "[f]iling followed by service creates a pending suit from the date of filing." [Cit.] See *Taylor v. Kohlmeyer & Co.* [123 Ga. App. 493 (1) (181 SE2d 496) (1971)] (although "service or waiver is essential, . . . when made it relates back to the date of filing, which establishes the date the action is commenced"). [Cit.] Thus, once the suit is served, it is the commencement that is key, and, as stated in OCGA § 9-11-3 (a), a "civil action is commenced by filing a complaint with the court."

*Kirkland v. Tamplin*, 283 Ga. App. 596, 599 (2) (b) (642 SE2d 125) (2007) (suit filed in one county was considered as having been filed first based on time of filing even though service on the defendants in a similar suit in another county was achieved first).

Thus in this case, after service was achieved, commencement of the suit related back to the date the complaint was filed. The complaint was filed on November 17, 2003, and five years ran before the trial court entered a written order. Accordingly, the case was properly dismissed by operation of law. *Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001).

*Judgment affirmed. Blackburn, P. J., concurs. Doyle, J., concurs specially.*

DOYLE, Judge, concurring specially.

I concur fully in all that is said in the majority opinion because case law is clear that when no other order has been entered in a case, the five-year period for calculating the date on which a case will be dismissed for want of prosecution begins when the complaint is filed, not when service is perfected.[1] As set forth in the majority opinion, the renewed complaint was filed on November 17, 2003, and no order

---

[1] *See Goodwyn v. Carter*, 252 Ga. App. 114, 116 (555 SE2d 474) (2001) ("The five-year period is computed from the date of filing."); *Intl. Longshoremen's Assn. &c. v. Saunders*, 182 Ga. App. 301, 302 (1) (355 SE2d 461) (1987).

was entered until five years and one month later, on December 17, 2008. Thus, pursuant to OCGA §§ 9-11-41 (e) and 9-2-60 (b), the case was dismissed by operation of law on November 17, 2008.[2]

However, I write separately to emphasize that this is an overly harsh and unfair result in a case that had not been delayed unnecessarily and whose continued pendency would not serve to "only clutter the dockets."[3] In the year subsequent to the case's filing, the parties filed motions,[4] engaged in discovery, and in October 2004, the defendants filed a Stipulation to Jury Trial Calendar. For reasons unknown,[5] the court did not place the case on the trial calendar, and on July 26, 2007, the plaintiffs filed their Stipulation to Jury Trial Calendar and Request for Entry of Pretrial Order. Between July 26, 2007 and December 17, 2008, the defendants filed a proposed pretrial order, issued several notices of hearing for the court,[6] and filed notices relating to the use of medical narratives; the plaintiffs filed a fourth amended complaint and a notice relating to the use of medical narratives to which the defendants objected.

This is simply not a case that had languished in the court, was not prosecuted by the plaintiffs, or had been abandoned by both parties. Rather this case is being dismissed because the parties resolved their motions without resort to the court and because the plaintiffs did not insist that the court issue an order for a pretrial conference instead of allowing defense counsel to simply prepare the notice(s).

While a plaintiff's duty to obtain and file an order is mandatory, no plaintiff can force a judge to sign an order. And it is unfortunate that "[o]nce a case has been dismissed by operation of law, '(t)he trial court is without authority to order the action reinstated.' "[7] This is the type of case that should be able to be reinstated.

---

[2] See Republic Claims Svc. Co. v. Hoyal, 264 Ga. 127, 128 (441 SE2d 755) (1994).

[3] Zepp v. Brannen, 283 Ga. 395, 396 (658 SE2d 567) (2008) ("The legislative intent in enacting the precursor statute in 1953 'was to remove from trial courts those cases whose continued pendency only clutter the dockets.' ").

[4] As parties are encouraged to do, both the defendants' motion to dismiss based on statute of limitation grounds and the plaintiffs' motion to compel discovery were resolved between the parties and did not require court action.

[5] Neither party argues dilatory conduct on the part of the other or the court between October 14, 2004 and July 26, 2007, and the plaintiff indicates that in addition to the filings on record with the court, the parties pursued their positions behind the scenes by exchanging written discovery, appointing an administratrix of the deceased injured party in Texas, and conducting depositions.

[6] Instead of the court issuing an order scheduling a pretrial conference, defense counsel prepared notices of hearing that were sent to plaintiffs' counsel. The first such notice was sent on April 15, 2008, scheduling a pretrial hearing for May 28, 2008. It is unclear why the hearing did not take place at that time, but it was eventually rescheduled and heard on December 17, 2008.

[7] Goodwyn, 252 Ga. App. at 116.

DECIDED FEBRUARY 16, 2010.

*Claxton & Claxton, William P. Claxton, Darcy S. DuVal*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, Sebastian C. Suma*, for appellees.