## A10A1387. WILLIS et al. v. COLUMBUS MEDICAL CENTER, INC. et al.
(702 SE2d 673)

McMURRAY, Senior Appellate Judge.

Tracy and Lisa Willis challenge the dismissal of their medical malpractice action against Columbus Medical Center, Inc., Radiology Associates of Columbus, Inc., and Gilbert Maulsby, M.D. (collectively, "CMC") for want of prosecution pursuant to OCGA §§ 9-2-60 (b)[1] and 9-11-41 (e).[2] Because no order was entered by the trial court within the statutorily mandated five-year period, the underlying lawsuit stood automatically dismissed as a matter of law. We therefore affirm.

The relevant facts of this case are undisputed. On November 12, 2002, the Willises, on behalf of their minor son, filed a medical malpractice action against CMC, alleging that CMC's negligent failure to properly diagnose a brain malformation in their son resulted in him suffering permanent mental and physical injuries. As a matter of strategy, the Willises intended to delay the actual commencement of a trial as long as possible in order to more thoroughly understand and be able to prove the true extent of their son's injuries.

After some discovery had been conducted, the trial court signed an order in February 2005 directing the parties to mediation (the "Mediation Order"). On its face, the Mediation Order provided that

> The [Willises] or the [Willises'] attorney is directed to file promptly this order with the Clerk of the Superior Court and to provide promptly a copy of this order to the Office of Dispute Resolution with a completed MEDIATION REFERRAL FORM to schedule the mediation session.

---

[1] OCGA § 9-2-60 (b) provides that "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff."

[2] OCGA § 9-11-41 (e) provides, in pertinent part, that "[a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff."

The Willises presented evidence, and the trial court held as a matter of fact that, despite the language contained in the Mediation Order, the Office of Dispute Resolution as a matter of practice generally took it upon itself to file such orders. It failed to do so in this case. Consequently, the Mediation Order was never filed, nor was any order ever entered in the record for a period in excess of five years from the inception of the lawsuit.

On September 8, 2008, CMC sent a letter to the trial court to inform it that the case stood automatically dismissed because no written order had been filed in the case as statutorily required. The trial court thereafter entered an order in which it dismissed the action by operation of law (the "Dismissal Order"). Neither CMC's letter nor a copy of the Dismissal Order was sent to the Willises or their counsel.

Unaware that the Mediation Order had not been filed and that the case had been dismissed, the Willises' counsel operated under the mistaken belief that the case was still pending. It was not until October 2009, as the five-year deadline from the date of the signed Mediation Order approached, that the Willises discovered that the case had been dismissed, and they subsequently moved to have it reopened.

In recognition of the fact that the Willises' failure to receive notice of the Dismissal Order violated OCGA § 15-6-21 (c), the trial court set aside that order pursuant to OCGA § 9-11-60 (g). The trial court nonetheless concluded that, because the dismissal of the case had been automatic as a matter of law after the five-year lapse of time, the setting aside of its original order had no impact on the ultimate outcome of the case. The trial court therefore issued an order again dismissing the case. It is from this order that the Willises appeal.

Georgia law mandates the automatic dismissal of any case in which "no written order is taken for a period of five years." See OCGA §§ 9-2-60 (b); 9-11-41 (e). The appellate courts of this state have consistently held that, in order to toll the automatic dismissal, an order must be "written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk." (Citation and punctuation omitted.) *Republic Claims Svc. Co. v. Hoyal*, 264 Ga. 127, 128 (441 SE2d 755) (1994). See *Zepp v. Brannen*, 283 Ga. 395, 398 (658 SE2d 567) (2008); *Scott v. DeKalb County Hosp. Auth.*, 168 Ga. App. 548 (1) (309 SE2d 635) (1983). Significantly, "[d]ismissal cannot be avoided even by obtaining a written order signed by the trial court until such order is duly entered in the record by filing it with the clerk." *Prosser v. Grant*, 224 Ga. App. 6 (2) (479 SE2d 775) (1996). A dismissal resulting from the failure to meet these statutory requirements is mandatory and leaves the trial court

without discretion to reinstate the case.[3] See *Republic Claims Svc. Co.*, 264 Ga. at 128; *Swint v. Smith*, 219 Ga. 532, 533-534 (1) (134 SE2d 595) (1964); *Scott*, 168 Ga. App. at 548 (2).

Here, it is undisputed that no written order was filed with the clerk within the statutory period, and this case was therefore automatically dismissed as a matter of law. See OCGA §§ 9-2-60 (b); 9-11-41 (e); *West v. Dept. of Transp.*, 174 Ga. App. 603 (330 SE2d 803) (1985). The fact that the Willises' counsel was under the mistaken impression that the trial court's order had been filed by a third party does not change this result. Both the plain language of the Mediation Order and well-established case law placed the duty squarely upon the Willises and/or their counsel to ensure that the necessary actions had been taken in order to avoid dismissal of their case. See *Swint*, 219 Ga. at 534 (1); *Scott*, 168 Ga. App. at 548 (2). It follows that neither the trial court nor this Court has the discretion to reinstate the case, irrespective of the merits of the underlying lawsuit. See generally *Windsor v. City of Atlanta*, 287 Ga. 334, 337 (695 SE2d 576) (2010); *McCallister v. Knowles*, 302 Ga. App. 392, 393 (691 SE2d 280) (2010); *Republic Claims Svc. Co.*, 264 Ga. at 128; *Scott*, 168 Ga. App. at 549 (2).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED OCTOBER 5, 2010 — ▮

*Pope & Howard, Geoffrey E. Pope,* for appellants.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., Hall, Booth, Smith & Slover, Paul D. Ivey, Jr., Mark D. Maholick,* for appellees.

---

[3] Both OCGA §§ 9-2-60 (c) and 9-11-41 (e) authorize a party to file a renewal action within six months of the dismissal. A timely renewal action was not filed in this case.