**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

June 18, 2013

# In the Court of Appeals of Georgia

A13A0655. THE GEORGIA DEPARTMENT OF HUMAN SERVICES, el rel. JAMIE LYNN GREGORY v. PATTON.

BARNES, Presiding Judge.

The Georgia Department of Human Services ("GDHS") brought a contempt action against Crystal Patton for failing to meet child support obligations ordered by the court in a legitimation and custody action. The trial court dismissed the contempt action, finding that the underlying child support order was void because it had been entered more than five years after the legitimation and custody action had been automatically dismissed under the five-year rule set forth in OCGA § 9-2-60 (b). We granted GDHS's application for discretionary review, and this appeal ensued. Because the trial court erred in finding that the five-year rule mandated the dismissal of the legitimation and custody action, we reverse.

The facts are not in dispute. Jamie Gregory sued Crystal Patton to legitimate and obtain custody of his minor child. In August 1997, the court entered a temporary consent order which legitimated the child and placed her in Gregory's physical custody. On July 19, 2000, the parties and the trial court signed a final consent order that granted custody of the child to Gregory and required Patton to make monthly child support payments, but that order was not entered until April 30, 2003.[1] On February 12, 2012, the GDHS brought an action for contempt against Patton for unpaid child support.[2] Patton moved to dismiss the action, arguing that the underlying consent order upon which the contempt action was bases was void. She asserted that the underlying case was closed by operation of law in 2002 because no order had been entered in the five years since the entry of the 1997 temporary order, that the final consent order entered in 2003 was a nullity, and that thus, a violation of the consent order could not constitute contempt.

Following a hearing, the trial court granted the motion finding that "the underlying order was not filed with the Clerk until 2003, more than 8 months after the

---

[1] The trial court noted in its order dismissing the contempt action that the trial judge who signed the July 2000 order had died on October 20, 2001. .

[2] The contempt action alleged that Patton owed $18,066 in child support.

2

case was automatically dismissed by operation of law."[3] The trial court further acknowledged that "the cases cited by the parties appear to be in conflict" but that Patton's cases and arguments were "more reasonable and persuasive."

Under OCGA § 9-2-60 (b), "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." Likewise, OCGA § 9-11-41 (e) provides: "Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff." Under this rule, "to toll the running of the five-year period that results in automatic dismissal for non-action, 'an order must be written, signed by the trial judge, and properly entered in the records of the trial court by filing it with the clerk.'" (Citation omitted) *Zepp v. Brannen*, 283 Ga. 395, 396 (658 SE2d 567) (2008). Subsequently, "[a]ny . . . order after the automatic dismissal of the case is null and void, because the trial court has lost jurisdiction over the case, which no longer is pending before it." *Goodwyn v. Carter*, 252 Ga. App. 114, 115 (555 SE2d 474) (2001). See *Willis v. Columbus Medical Center*, 306 Ga. App. 331, 332

---

[3]The hearing transcript is not included with the record.

3

(702 SE2d 673) (2010); see also *Prosser v. Grant*, 224 Ga. App. 6 (2) (479 SE2d 775) (1996).

On appeal, GDHS argues that a line of cases originating from *Jefferson v. Ross*, 250 Ga. 817 (301 SE2d 268) (1983), setting forth an exception to the five- year rule, should apply here because the parties had reached a final settlement of the case and all that remained was the formal entry of the consent order memorializing the settlement. We agree.

In *Jefferson,* the trial court did not enter judgment on a jury verdict until more than five years after the verdict had been rendered. Declining to apply the five-year automatic dismissal rule, our Supreme Court held that the judgment was valid because there is no time limit for a court to enter judgment on a jury verdict. Id. at 819. The court reasoned that:

> The litigation here has been resolved by jury trial and verdict, and all that remains is the entry of judgment reflecting what has already been accomplished. *Judicial economy and fairness to the prevailing party dictate that that which should have been done be done*. We hold that the inherent power of a court of record to enter a judgment on a verdict is not extinguished by the passage of five years without entry of an order. We do so because the reasons behind the Code sections requiring dismissal for want of prosecution no longer exist once the case has been prosecuted to verdict.

(Emphasis supplied) Id.

Similarly, in *Faircloth v. Cox Broadcasting Corp.*, 169 Ga. App. 914 (315 SE2d 434) (1984), this Court applied *Jefferson* to conclude that no automatic dismissal occurred despite the passage of more than five years between a defendant's default in an action for liquidated damages and the subsequent entry of default judgment. We held that the case "stood in the same posture as if a jury verdict for the plaintiff had been returned; for all that remained for the plaintiff to do was to have judgment entered in its favor." Id. at 916. We further noted that "[t]he five year rule was intended to prevent long delays *before* trial" – a concern not present there. (Citation omitted; emphasis supplied.) Id.; *Lott v. Arrington & Hollowell, P.C.*, 258 Ga. App. 51, 55 (b) (572 SE2d 664) (2002) (five year rule not controlling where garnishment action commenced more than five years after judgment); see, c.f., *Ogundele v. Camelot Club Condominium Assoc.*, 268 Ga. App. 400, 402 (1) (602 SE2d 138) (2004) ("because the damages were unliquidated, the task of establishing damages remained pending . . . *Jefferson* and *Faircloth* do not preclude automatic dismissal pursuant to the five year rule.")

> The legislative intent in enacting the precursor statute [to OCGA §§ 9-2-60 (b) and 9-11-41 (e)] in 1953 was to remove from trial courts

5

those cases whose continued pendency only clutter the dockets, generally, the great number of cases which, to all intents and purposes had been abandoned by both parties, and in many instances had been settled without clearing the docket. The statute also serves to protect litigants from dilatory counsel.

(Citations and punctuation omitted.) *Zepp v. Brannen*, 283 Ga. at 395; *Windsor v. City of Atlanta*, 287 Ga. 334, 336 (2) (695 SE2d 576) (2010) ("[T]he [five-year] rule furthers the dual statutory goals of preventing trial court dockets from becoming cluttered with unresolved and inactive litigation and protecting parties from dilatory adversaries."); *Lewis v. Price*, 104 Ga. App. 473, 476 (2) (122 SE2d 129) (1961) ("primary purpose of [five-year rule] was to eliminate inactive cases pending on the dockets of the courts without any disposition of the issues thereon").

Here, the issues regarding the legitimation, custody, and child support were resolved and the order was signed by the presiding judge. In this case, as our Supreme Court recognized in *Jefferson,* "[j]udicial economy and fairness to the prevailing party dictate that that which should have been done be done." *Jefferson v. Ross*, 250 Ga. at 819.

Thus, as the five-year rule did not as a matter of law require the dismissal of the final consent order of legitimation and custody, the trial court erred in dismissing the contempt action.

*Judgment reversed. Miller and Ray, JJ.,* concur.