HUNSTEIN, Justice.
This Court granted Jesus Garibay’s application for a certificate of probable cause to appeal to address whether the habeas court erred in dismissing Garibay’s habeas petition for failure to prosecute where no written order was taken within five years even though the petition had been orally denied at an earlier hearing and all that remained in the proceeding was for the habeas court to enter an order memorializing its ruling. Concluding that Garibay’s petition was improperly dismissed, we reverse the habeas court’s order and remand this matter to the habeas court.
The facts are not in dispute. Garibay filed a petition for habeas corpus in the Macon County Superior Court, and, in November 2008, the habeas court entered an order setting the matter for an eviden-tiary hearing. During the subsequent hearing, held in late November 2008, the habeas court orally denied the petition, and an attorney for the Warden represented to Garibay that she would prepare an order for the habeas court. In May 2009, after the Warden had failed to submit a proposed order, Garibay submitted his own proposed order. In August 2009, Garibay filed a “Notice for Ruling,” in which he highlighted the Warden’s failure to submit a proposed order and asked the habeas court for a written ruling. On December 23, 2013, the habeas court issued an order dismissing the petition under OCGA §§ 9-2-60 and 9-11-41 for want of prosecution because no *702 written order had been filed since the November 2008 order setting the hearing. The parties agree that the habeas court’s order is due to be reversed.
“ [H] abeas corpus is a civil proceeding... [a] s such, this Court has readily affirmed that the [Civil Practice Act] is to be applied in habeas corpus proceedings in matters of pleading and practice.” Phagan v. State, 287 Ga. 856, 858 (700 SE2d 589) (2010). Under OCGA § 9-2-60 (b), which is part of the Civil Practice Act, “[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissedf.]” Likewise, OCGA § 9-11-41 (e) provides that “[a]ny action in which no written order is taken for a period of five years shall automatically stand dismissed[.]” These provisions have “at least the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel[.]” Swint v. Smith, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964).
However, this Court in Jefferson v. Ross, 250 Ga. 817 (301 SE2d 268) (1983), recognized that “there is no time limit for a court to enter a judgment on a jury verdict.” Georgia Dept. of Human Resources v. Patton, 322 Ga. App. 333, 335 (744 SE2d 854) (2013). In Jefferson, a verdict was returned in favor of a plaintiff in August 1975 but was not entered until November 1981; addressing the contention that the five-year rule precluded the entry of judgment on the verdict, this Court concluded “that a court of record, in the exercise of its inherent power, has continuing jurisdiction to enter judgment on a jury verdict at any time.” Jefferson, 250 Ga. at 818. While Jefferson involved the entry of judgment stemming from a jury verdict, it has been applied in similar contexts. See Patton, 322 Ga. App. at 335 (exception to five-year rule where all that remained was formal entry of a consent order memorializing settlement); Fair cloth v. Cox Broadcasting Corp., 169 Ga.App. 914(315SE2d434) (1984) (entry of default judgment for liquidated damages not subject to five-year rule).
Here, the trial court announced at the evidentiary hearing that it was denying Garibay’s habeas petition; all that remained was for the habeas court to enter a written final order in accordance with OCGA § 9-14-49. The record reflects that Garibay twice asked the habeas court to enter an order, but no action was taken within a five-year period. In this case, like in Jefferson and its progeny, the five-year rule has no application where all that remains in a habeas proceeding is the entry of judgment following an evidentiary hearing at which the habeas court orally denies the petition.
*703 Decided October 3, 2016.
Jesus Garibay, pro se.
Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellee.
Accordingly, the order dismissing Garibay’s petition is reversed and this matter remanded for proceedings consistent with this opinion.

Judgment reversed and case remanded.

All the Justices concur.