**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 28, 2021**

# In the Court of Appeals of Georgia

A20A2049. BALDWIN v. GAY et al.

PIPKIN, Judge.

Appellant Debra Baldwin appeals the dismissal of her renewal action against Appellees Jack DeWayne Gay and Colcraft, Inc. (collectively "Appellees"). We agree with the trial court that Appellant's renewal action is time barred because her original action stood automatically dismissed for want of prosecution in late 2015 and was not thereafter recommenced within six months. Accordingly, we affirm.

This appeal stems from the August 2004 death of Herbert Washington and two wrongful-death actions that followed. The first action was filed in October 2004 by Angela Washington – as surviving child and next of kin of Herbert Washington – alleging that Gay had negligently caused the fatal collision while operating a tractor-trailer truck owned by his employer, Colcroft (the "Washington action"). In October

2005, Angela Washington settled with Appellees and dismissed the Washington action with prejudice. Angela Washington is not a party to this appeal.

The second wrongful death action was filed in August 2006 – just days before the expiration of the statute of limitations[1] – by Appellant, also acting as surviving child and next of kin of Herbert Washington (the "Baldwin action"). Consequently, Appellees filed a motion in the Washington action to set aside the dismissal and to "reopen" the matter. The motion asserted that the settlement in the Washington action was for the full value of the victim's life and that, though Appellant was entitled to a portion of the settlement, Angela Washington had refused to distribute the proceeds; Appellees asked the trial court in the Washington action to either set aside the settlement or require Angela Washington to split the settlement proceeds with Appellant. Appellant thereafter moved to intervene in the Washington action.

Meanwhile, in the Baldwin action, the parties filed a joint motion to continue all proceedings until the motions to set aside and intervene were decided in the Washington action. In December 2010, the trial court granted the joint motion to continue in the Baldwin action ; this was the final order entered by the trial court in that case. The pending motions in the Washington action were denied in October 2015, and Appellant ostensibly dismissed the Baldwin action without prejudice in November 2017.

---

[1] See OCGA § 9-3-33.

In December 2017, Appellant ostensibly renewed her wrongful-death action (the "Baldwin renewal action"). Appellees answered and moved to dismiss, arguing that Appellant's action was time barred. The trial court agreed, concluding that the original Baldwin action was automatically dismissed for want of prosecution in December 2015 and that, because Appellant had failed to renew the action within 6 months – and because her action was filed outside the statute of limitation – the Baldwin renewal action was time barred. Appellant contends that the dismissal of her renewal action was erroneous because, she says, her original Baldwin action should not have been automatically dismissed for want of prosecution. We disagree.

OCGA 9-11-41 (e) provides as follows:

Any action in which no written order is taken for a period of five years shall automatically stand dismissed, with costs to be taxed against the party plaintiff. For the purposes of this Code section, an order of continuance will be deemed an order. When an action is dismissed under this subsection, if the plaintiff recommences the action within six months following the dismissal then the renewed action shall stand upon the same footing, as to limitation, with the original action.

In accordance with the plain language of this provision, "any action in which no written order is taken for a period of five years shall automatically stand dismissed. The provisions of th[is] Code section[] are mandatory, and dismissal occurs by operation of law." *Tate v. Dept. of Transp.*, 261 Ga. App. 192, 193 (582 SE2d 162) (2003). This "section has at least the dual purpose of preventing court records from

3

becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel." *Swint v. Smith*, 219 Ga. 532, 534 (3) (134 SE2d 595) (1964).

Appellant first argues that the original Baldwin action should not have been deemed dismissed by operation of law because, she says, she was not dilatory and because her case was not one that was "cluttering up the trial court's docket." According to Appellant, she was active in both the original Baldwin action and the Washington action, by filing pleadings and engaging in discovery; she asserts that she did not "leave her case inactive for the statutory 5-year period[,] the judge did." However, the "litigation efforts" of the parties are insufficient to satisfy the requirements of OCGA § 9-11-41 (e). Cf. *McAllister v. Knowles*, 302 Ga. App. 392, 392 (691 SE2d 280) (2010) (action automatically dismissed pursuant to OCGA § 9-11-41 (e) where trial court did not enter an order within 5 years of the date of the filing of the complaint despite years of "litigation efforts" by the plaintiff). Likewise, Appellant's claim that she has not been dilatory is also unavailing. See *Ogundele v. Camelot Club Condominium Assn.*, 268 Ga. App. 400, 402 (2) (602 SE2d 138) (2004). Instead, the burden is on the plaintiff "to obtain a written order of continuance or other written order at some time during a five-year period and to make sure the same is entered in the record." (Citations and punctuation omitted.) Id. Appellant could have sought an additional continuance, but she did not.

4

Seemingly recognizing this requirement, Appellant pivots and argues that the October 2015 order in the Washington action satisfied the order requirement in the original Baldwin action because, she says, the two cases were "related". See Uniform Superior Court Rule 4.8.[2] While we recognize that these two cases arose out of the same facts and were assigned to the same trial judge , Appellant cites no authority – and we are aware of none – that an order entered in one case can satisfy the order requirement of OCGA § 9-11-41 (e) in a related case.[3] Such a novel argument is especially tenuous here, where Appellant was never a party to the Washington action, and the Washington action stood dismissed for years before the 2015 order was entered denying the relevant motions.

Finally, Appellant claims that Georgia appellate courts have recognized an exception to the automatic dismissal provision of OCGA § 9-11-41 (e) and that it

[2] Superior Court Rule 4.8 states as follows: "At any time an attorney is counsel in any action which the attorney knows is or may be related to another action either previously or presently pending in and assigned to a particular judge of a superior court in the same circuit involving some or all of the same subject matter, or some or all of the same factual issues, such attorney immediately shall so advise the judges involved, who will then make an appropriate determination as to which judge the action or actions should be assigned."

[3] As Judge Birdsong explained some years ago, "Rule 4.8 is merely an administrative rule designed to promote judicial economy and to facilitate timely case disposition," it does not provide substantive rights to the parties. *Hardeman v. Roberts*, 214 Ga. App. 484, 485 (448 SE2d 254) (1994) (Bridsong, J., concurring specially).

should be applied in his case. See, e.g., *Jefferson v. Ross*, 250 Ga. 817 (301 SE2d 268) (1983); *Georgia Dept. of Human Svcs. v. Patton*, 322 Ga. App. 333 (744 SE2d 854) (2013). However, "[i]n those cases, the litigation had been resolved[,] and the only task remaining for the plaintiff was to have judgment entered." *Ogundele*, 268 Ga. App. at 402. That, however, is not the procedural posture of this case, and, therefore, this narrow exception to OCGA § 9-11-41 (e) is inapplicable here.

In conclusion, because Appellant's original Baldwin action was automatically dismissed in December 2015 and because her December 2017 renewal action was not filed within six months of that dismissal – and was filed outside the statute of limitation – we conclude that the trial court properly granted Appellees' motion to dismiss. Accordingly, we affirm.[4]

*Judgment affirmed. Gobeil, J., concurs. Barnes, P. J., concurs specially.*

---

[4] While Appellant characterizes the automatic dismissal rule as "draconian" , the result here is a product of the plain language of OCGA § 9-11-41 (e); it is not up to this Court to create an exception to that legislatively created rule.

6

# In the Court of Appeals of Georgia

A20A2049.  BALDWIN v. GAY et al.

BARNES, Presiding Judge, concurring specially.

I concur fully in the majority opinion but write separately to emphasize that dismissal is a harsh result under the circumstances of this case.

As an initial matter, I agree with the majority that when no written order has been entered in a case for a period of five years, the case is automatically dismissed by operation of law under OCGA § 9-11-41 (e).  That is the situation here, where the trial court's order granting a continuance was entered in Debra Baldwin's wrongful death action in December 2010, but no written order was entered in the next five years. Hence, Baldwin's action was automatically dismissed for want of prosecution in December 2015, and because the action was not recommenced within six months

from that date, Baldwin's subsequent renewal action was properly dismissed as time-barred. See OCGA § 9-2-60 (c).

Dismissal, however, is a harsh and unfair result in light of the record before us. The five-year rule embodied in OCGA § 9-11-41 (e) has "the dual purpose of preventing court records from becoming cluttered by unresolved and inactive litigation and protecting litigants from dilatory counsel." (Citation and punctuation omitted.) *Garibay v. Terry*, 299 Ga. 701, 702 (791 SE2d 806) (2016). But this is not a case whose continued pendency would serve only to clutter court records. Nor is this a case involving dilatory counsel. Rather, in the years after the filing of her case, Baldwin, through her counsel, conducted discovery, filed motions and briefs, wrote letters to the court, and attended status conferences and hearings. In March 2015, Baldwin's counsel filed a motion for a special trial setting, noting that "Baldwin and her counsel [had] written the Court several times . . . and communicated their desire to see the case move forward." The trial court never ruled on Baldwin's motion. Then, in June and September 2015, Baldwin's counsel wrote letters again requesting to have the case placed on the trial calendar, but received no response.

Additionally, as explained by the majority, this case involves the interplay between two wrongful death suits assigned to the same trial judge – the suit filed by Angela Washington and the suit filed by Baldwin. The December 2010 continuance order entered by the trial court in the Baldwin suit was to remain in effect until the court ruled on the motions to set aside and intervene that were filed in the

2

Washington suit. Notably, however, the trial court waited until October 2015 to rule on those motions. The trial court's failure to rule for such an extended period of time caused significant delay in the Baldwin case, despite Baldwin's efforts to move the case forward and proceed to trial.

"While a plaintiff's duty to obtain and file an order is mandatory [under OCGA § 9-11-41 (e)], no plaintiff can force a judge to sign an order.  And it is unfortunate that once a case has been dismissed by operation of law, the trial court is without authority to order the action reinstated." (Citations and punctuation omitted.) *McCallister v. Knowles*, 302 Ga. App. 392, 394 (691 SE2d 280) (2010) (Doyle, J., concurring specially). In my view, the legislature should ameliorate the harshness of OCGA § 9-11-41 (e) by amending the statute to include grounds for reinstating a case that has been automatically dismissed. Cf. OCGA § 9-11-55 (b) (setting forth grounds for reopening default).[1] Although the result in the present case unfortunately is mandated by the existing statutory framework, "[t]his is the type of case that should be able to be reinstated." *McCallister*, 302 Ga. App. at 394.

---

[1] OCGA § 9-11-55 (b) provides in pertinent part:
> At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. . . .